## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and MARY LOUISE SEITZ | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | C.A. No. 08-351-UNA |
| | ) ) | |
| v. | ) ) | |
| ADEL WIGGINS GROUP, et al., | ) ) | |
| Defendants. | ) ) | |

## GOODRICH CORPORATION'S
## ANSWER TO THE COMPLAINT

Goodrich Corporation ("Goodrich") hereby responds to the numbered paragraphs of the Complaint as follows:

1.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

2.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

3.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

4.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

5.    Denied as to Goodrich.

6.    Goodrich is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

7.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

8.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

9.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

10.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

11.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

12.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

13.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

14.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

15.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

16.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

17.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

18.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

19.     Goodrich admits that it has transacted business within the State of Delaware and denies the remaining allegations of this paragraph.

-2-

20.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

21.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

22.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

23.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

24.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

25.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

26.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

27.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

28.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

29.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

30.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

31.     Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

32.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

33.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

34.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

35.    Goodrich is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

36.    Denied as to Goodrich.

37.    It is denied that FREDERICK SEITZ ("Plaintiff") was exposed to any asbestos or asbestos-containing products, mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Goodrich.  Goodrich is without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

38.    Denied as to Goodrich.

39.    Denied as to Goodrich.

40.    Denied as to Goodrich.

41.    It is denied that Goodrich engaged in any wrongful conduct.  Goodrich is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

42.    Goodrich repeats and incorporates herein its answers to all of the preceding paragraphs. Based on insufficient information, Goodrich is unable to respond to Plaintiff's choice-of-law assertion at this time.

43.    Denied as to Goodrich.

44.    Denied as to Goodrich.

45.    Denied as to Goodrich.

46.    Denied as to Goodrich.

47.    Goodrich repeats and incorporates herein its answers to all of the preceding paragraphs.  Based on insufficient information, Goodrich is unable to respond to Plaintiff's choice-of-law assertion at this time.

48.    Denied as to Goodrich.

49.    Denied as to Goodrich.

50.    Denied as to Goodrich.

51.    Denied as to Goodrich.

52.    Goodrich repeats and incorporates herein its answers to all of the preceding paragraphs.  Based on insufficient information, Goodrich is unable to respond to Plaintiff's choice-of-law assertion at this time.

53.    Denied as to Goodrich.

54.    Denied as to Goodrich.

55.    Denied as to Goodrich.

56.    Goodrich repeats and incorporates herein its answers to all of the preceding paragraphs.  Based on insufficient information, Goodrich is unable to respond to Plaintiff's choice-of-law assertion at this time.

57.    Denied as to Goodrich.

<u>General Denial</u>

58.    Goodrich denies each and every allegation contained in the Complaint to the extent not expressly admitted herein.

59.     Goodrich specifically denies all allegations contained in the Complaint which allege or imply that it or any company affiliated with it, manufactured, supplied, sold, distributed or installed any asbestos or asbestos-containing products to which Plaintiff was exposed.

60.     Goodrich specifically denies all allegations contained in the Complaint which allege or imply any negligence, carelessness, recklessness, unlawfulness or fault of any kind on the part of Goodrich; which allege or imply any strict liability on the part of Goodrich; which allege or imply any deliberate, intentional, willful, wanton or reckless conduct on the part of Goodrich; which allege or imply any responsibility, failure to meet a responsibility, duty or violation of a duty with respect to Goodrich; which allege or imply any express or implied warranty made and/or breached by Goodrich; or which allege or imply that Goodrich violated any applicable statutes, rules, regulations or industry standard whatsoever with respect to this matter.

61.     Goodrich specifically denies all allegations in the Complaint which allege or imply that Plaintiff worked at any premises owned or operated by Goodrich or was injured as a result of exposure to asbestos at a premises owned or operated by Goodrich.

Additional Defenses

62.     The Complaint should be dismissed because of improper venue.

63.     Plaintiffs proximately caused or contributed to the alleged injuries and damages complained of in the Complaint by mishandling, altering, abusing or misusing this Goodrich's product.

-6-

64.    Goodrich denies that any express or implied warranty existed or, in the alternative, that any warranty was breached.

65.    To the extent that the claims attempted to be asserted against Goodrich are predicated upon breach of warranty or breach of other contractual relationships, the same are barred because Plaintiffs had no contractual relationship, express or implied, with Goodrich.

66.    Plaintiffs are barred from recovery on their claims based on Goodrich's alleged breach of express and implied warranties because Plaintiffs failed, within a reasonable time, to notify Goodrich of any alleged breach of warranty.  Additionally, implied warranties were not recognized at the time of the sale, if any, by Goodrich of the asbestos-containing products to which Plaintiffs were allegedly exposed.

67.    Due to the state of medical and industrial art existing at the time when Plaintiff was allegedly exposed to Goodrich's products, there was no generally accepted knowledge of any alleged inherently dangerous characteristics of Goodrich's products or of any alleged unsafe nature of such products when utilized in a manner consistent with their intended use.  Goodrich manufactured its products in conformity with the then-existing state of medical and scientific knowledge.  Therefore, Plaintiff is not entitled to recover from Goodrich.

68.    Plaintiff is not entitled to punitive damages because they failed to allege sufficient facts to show any conscious disregard for the safety of Plaintiff or any willful, wanton or malicious act or omission on the part of Goodrich.

69.    The Complaint fails to state a cause of action on which an award of punitive damages may be based.

-7-

70.    Goodrich did not act individually or engage in concert of action with any one or more of the defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means.  Nor did Plaintiff suffer any injury as a result of the actions or inactions of Goodrich.  Accordingly, Plaintiff cannot recover against Goodrich under a theory of civil conspiracy.

71.    Plaintiffs are not entitled to recover from Goodrich because Plaintiff has waived any claim they might have against Goodrich.

72.    Plaintiff is not entitled to recover from Goodrich because Plaintiffs' claims are barred by disclaimer.

73.    If it is determined that Plaintiffs used asbestos-containing products, which products or components of these products were sold by, on behalf of or at the behest of the United States of America, then Goodrich asserts it is entitled to any sovereign or governmental immunity available to the United States of America.

74.    Plaintiff is estopped from asserting any claim against Goodrich because of his actions and inactions.

75.    Plaintiff's claims based upon misrepresentation and fraud are barred for Plaintiff's failure to state with particularity the circumstances constituting the alleged fraud and misrepresentation as required by Rule 9 of the Superior Court Civil Rules.

76.    Goodrich specifically denies that Plaintiff used or was exposed to asbestos-containing products manufactured, supplied, sold, distributed or installed by Goodrich. Furthermore, if it is determined that Plaintiff was exposed to any asbestos-containing products

-8-

manufactured, supplied, sold, distributed installed by Goodrich, it is specifically denied that Plaintiff was exposed to any asbestos dust and/or asbestos fibers from any ordinary and foreseeable use of any products of Goodrich.

77.     Goodrich specifically denies that any products manufactured and sold by it were defective or were a proximate cause of any injuries allegedly sustained by Plaintiff, and avers to the contrary that its products were not defective and did not cause in any way any of the injuries allegedly sustained by Plaintiff.  Goodrich further avers that it has not manufactured, supplied, sold, distributed, or installed asbestos products, and that it did not act in a negligent manner in the manufacture and sale of its products or otherwise, and that it has not failed to properly test and analyze its products, and that it has taken all reasonable steps, care and caution under the circumstances with regard to the manufacture and sale of its products, and that the ordinary and foreseeable use of its products did not create any inherent dangers or dangerous propensities, and that no labels, warnings or instructions were necessary because it products did not constitute a hazard to the health of any individual, and that Plaintiff is not entitled to recover against Goodrich.

78.     Goodrich avers that its products were merchantable, suitable for general use, and fit for the particular purpose.

79.     Plaintiff's claims are barred as a matter of public policy inasmuch as the social utility and public benefit of asbestos-containing products at the time they were used outweighed any alleged risks of such products.

80.    Goodrich alleges that Plaintiff failed to notify it of any defects in its products within a reasonable time after Plaintiff knew or should have known of the alleged defects in said products, which defects Goodrich expressly denies, and, therefore, Plaintiff is barred from recovery.

81.    Goodrich asserts that the claims of plaintiff's spouse is derivative of and if Plaintiff's claims are barred or she receives no recovery, then the claims of Plaintiff's spouse is also barred.

82.    Goodrich specifically avers that it owed no duty to Plaintiff.

83.    Goodrich specifically avers that it breached no duty owed to Plaintiff.

84.    Goodrich asserts all available affirmative defenses, whether or not they have been specifically asserted herein, including but not limited to the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver.

85.    Because of the generality of the allegations in the Complaint, Goodrich reserves the right to amend its Answer and Additional Defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action

86.    The Complaint fails to state a claim upon which relief can be granted against Goodrich.

87.    The claims asserted in the Complaint are barred or must be reduced due to Plaintiff's contributory negligence in using or exposing himself to products which he knew, or should have known, would be dangerous to his health and in failing to take reasonable precautions to guard against any dangers resulting therefrom.

88.    Plaintiff assumed the risk of any injuries covered by the Complaint.

89.    At all relevant times, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which Plaintiff complains was superior to that of Goodrich and, therefore, if there was any duty to warn Plaintiff, the duty was on those other persons and business entities and not on Goodrich.

90.    If Plaintiff sustained any injuries or damages as alleged in the Complaint, all of which Goodrich specifically denies, then such injuries or damages were caused or contributed to by reason of the negligence of Plaintiff, or other persons, corporations, or entities who may or may not be parties to this litigation, and do not result from any conduct, acts or omissions of Goodrich.

91.    Plaintiff failed to exercise ordinary care for his own protection, and such failure occasioned some or all of the alleged injury and damage as described in the Complaint.

92.    Any injuries or damages alleged to have been sustained by the Plaintiff were proximately caused or contributed to by the free and voluntary assumption of risk by the Plaintiff.

93.     The Plaintiff's assumption of risk in knowing and appreciating the dangers herein and failing to protect himself by using available safety equipment bars her from any recovery for any damages.

94.     Plaintiff has not incurred any actual injury or damage and/or has suffered only speculative injuries, if any, for which no damages may be recovered at law.

95.     Plaintiff has failed to join indispensable parties needed to provide just adjudication of this matter and complete relief.

96.     Plaintiff's complaint against Goodrich is barred due to the lack of privity of contract between the parties and the failure of any consideration passing from Plaintiff to Goodrich.

97.     Plaintiff was guilty of negligence equal to or greater than the negligence, if any, alleged against Goodrich, which negligence proximately caused or contributed to the injuries and damages about which Plaintiff complains.

98.     Any claims of Plaintiff are barred by the intervening and superseding activity of third parties over which Goodrich had no control.

99.     Because Plaintiff has not alleged with particularity which products of Goodrich allegedly caused the injuries and damages resulting in Plaintiff's claims, the Complaint fails to state a cause of action upon which relief can be granted and, should relief be granted, it would contravene Goodrich's constitutional rights to substantive and procedural due process of law and equal protection of law as preserved by the Fourteenth Amendment of the United States Constitution.

100.   Goodrich retains its rights to seek contribution and/or indemnification against any entities or persons including, but not limited to, any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

101.   Plaintiff has failed to mitigate any and all alleged damages, the existence of which and the extent of which are all specifically denied by Goodrich.

102.   Plaintiff should have taken action to minimize or eliminated any loss, injury, or damage, and Plaintiff is precluded from recovering damage, or Plaintiff's damages should be reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

103.   Goodrich asserts the defenses of:  lack of jurisdiction over the person of Goodrich, lack of jurisdiction over the subject matter of the Complaint, the Delaware Superior Court is an improper venue for asserting Plaintiff's claims against Goodrich, lack of service of process and/or insufficiency of service of process over Goodrich, waiver, estoppel and such other defenses as may be enumerated under Rules 8(a) and 12(b) of the Superior Court Civil Rules.

104.   Any punitive damage award that Plaintiff might recover would violate Goodrich's rights under the United States Constitution and the Constitution of the State of Delaware to due process and equal protection of law as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

105.   Awarding punitive damages without bifurcating the trial and trying the punitive damages only if liability is found on the merits would violate Goodrich's due process

-13-

rights as guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Delaware.

106.    An award of punitive damages that is not subject to a predetermined limit would violate Goodrich's due process rights and the excessive fines provisions of the United States Constitution and the Constitution of the State of Delaware.

107.    An award of punitive damages without sufficient standards of clarity for determining the appropriateness of an amount of punitive damages, without adequate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, without express prohibitions from awarding punitive damages or determining the amount of a punitive damage award on the basis of invidious discriminatory characteristics, including the residence and wealth of Goodrich, without standards which sufficiently define the conduct or mental state that make punitive damages permissible, and without trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objection standard, would violate Goodrich's due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Delaware.

108.    An award of punitive damages would violate the United States Constitution, including but not limited to, the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment to the United States Constitution.

109.    Plaintiff's claims have been fully satisfied by other persons in settlement of claims or satisfaction of judgments with defendants, or in the alternative, Goodrich is entitled

to a set-off for any amount paid or to be paid by any defendant or others not named in the Complaint.

110.    Plaintiff's claims and the issues presented thereby may be precluded by the doctrines of *res judicata* and collateral estoppel.

111.    Plaintiff's claims are barred by their failure to satisfy conditions precedent to the filing of this lawsuit.

112.    Plaintiff's claims are barred because he fails to separate and allocate the amount of the alleged damages among the various defendants.

113.    The products allegedly manufactured and supplied by Goodrich were done so in accord with all government specifications and approval.

114.    The products allegedly manufactured and supplied by Goodrich provided appropriate information concerning their use, which was not followed by Plaintiff, Plaintiff's employers or other third parties, over whom Goodrich had no control.

115.    The Plaintiff's employers were knowledgeable and/or sophisticated users of the products allegedly manufactured and supplied by Goodrich and any duty which it had to warn, affect, advise the Plaintiff regarding the use of its products, which duty is specifically denied by Goodrich, was superseded and/or discharged by the duty of Plaintiff's employers to do so.

116.    Plaintiff's employer was an informed intermediary and a sophisticated user of products of the type allegedly complained of by the Plaintiff and was in superior position

to eliminate any hazard Plaintiff now complains of related to the alleged use of any Goodrich product.

117.    Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

118.    Plaintiff's employer(s), by virtue of the notice given in publications of the Federal Register and otherwise, had notice of the dangers Plaintiff now complains of and was/were obligated under federal law to eliminated any dangers.

119.    The regulations adopted by OSHA pursuant to the Occupational Safety and Health Act allowed airborne asbestos and other dusts in Plaintiff's workplace.  To the extent that these regulations conflict with the law of any jurisdiction where any of Plaintiff's workplaces were located, those laws are preempted by the Occupational Safety and Health Act.

120.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

121.    In the event that Plaintiff incurred any injuries or damages as alleged in the Complaint, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission of Goodrich, then such act or omission was and is *de minimis* and not a substantial factor.

122.    To the extent applicable, Goodrich adopts and incorporates herein by reference each and every affirmative defense to Plaintiff's Complaint invoked by any other defendant, that is not specifically enumerated herein and which is not otherwise inconsistent with the defenses asserted herein and further reserves the right to assert any defense as may be divulged through discovery in this case.

-16-

WHEREFORE, Goodrich respectfully requests that this Court enter judgment in its favor and against plaintiffs on the basis of any and all of the defenses set out herein, and/or on its cross-claims, if appropriate, with all costs and its attorneys' fees taxed to plaintiffs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jason A. Cincilla*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
Amaryah K. Bocchino (#48789)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   Attorneys for Defendant
   Goodrich Corporation

June 13, 2008
2366888v1

-17-