# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Independence Square West, The Curtis Center, Suite 1130 East, Philadelphia, Pennsylvania 19106-3308
Tel: (215) 627-6900   Fax: (215) 627-2665

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

KENNETH SCOTT *
JONATHAN DRYER
LOUIS J. ISAACSOHN ++
KATHLEEN D. WILKINSON **
KEVIN T. KAVANAGH **
MICHAEL CAWLEY
M. DOUGLAS EISLER +
ADRIAN J. GORDON
ROCHELLE M. FEDULLO
MICHAEL S. TAKACS **
WENDY TESTA **
WALTER S. JENKINS
SALVATORE A. CLEMENTE **

OF COUNSEL

WILLIAM J. TAYLOR, JR.

BRIAN F. BREEN ** ^^
KRISTI A. BUCHHOLZ **
HENRY F. CANELO
STEPHEN M. CAPRIOTTI, JR.**
CHRISTINE M. DELANEY**
GABRIEL N. DEVITTO
MEGAN N. HARPER ±
HELEN C. LEE
MICHAEL P. LENGEL**
RYAN L. LEONARD **
HOPE LESTER
NICOLE PEREZ
MARIA G. PERRI **
ERIN M. SICILIANO **
GINA M. SULLIVAN **
ENRICO C. TUFANO **
JANIS L. WILSON **

* ALSO ADMITTED IN NY
+ ALSO ADMITTED IN NC
++ ALSO ADMITTED IN MD
^^ ALSO ADMITTED IN MA
** ALSO ADMITTED IN NJ
± ALSO ADMITTED IN DE

June 19, 2008

**BY OVERNIGHT DELIVERY**

Mr. Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
One Columbus Circle, N.E.
Washington, D.C. 20002-8004

Re:   **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
      ***IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI),***
      **DOCKET NO. MDL-875**

### NOTICE OF TAG-ALONG ACTION

Dear. Mr. Lüthi:

Attached at Tab 1 please find a copy of the Complaint in *Seitz v. Adel Wiggins Group, et al.*, an action seeking damages for asbestos-related injuries filed in the Superior Court of Delaware, New Castle County, Case No. 08C-04-247 ASB. *Seitz* was removed to the United States District Court for the District of Delaware. A copy of the Notice of Removal is attached at Tab 2. *Seitz* is related to and shares common issues of fact with the actions in *In Re Asbestos Products Liability Litigation*, Docket No. MDL-875 ("MDL-875"), which were transferred to the Eastern District of Pennsylvania before the Honorable James T. Giles, pursuant to the Panel's Order and Opinion of July 29, 1991. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991).

The *Seitz* action should be transferred to the Eastern District of Pennsylvania to become part of MDL-875 because this action shares common questions of fact with and is related to the actions in MDL-875. Specifically, the causes of action in *Seitz* share the same factual basis as many of the MDL-875 actions, particularly allegations of personal injury and asbestos-related

Mr. Jeffrey N. Lüthi
June 19, 2008
Page 2

disease arising out of exposure to asbestos-containing products and inhalation or ingestion of asbestos fibres. Moreover, the *Seitz* plaintiffs assert the same causes of action as plaintiffs in MDL-875, including negligence and strict liability. Also similar to the MDL-875 plaintiffs, the Seitzes seek compensatory damages for the alleged asbestos exposure and resultant injury or asbestos-related disease.   As this matter involves questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania, centralization of this action with similar MDL-875 actions would, pursuant to 28 U.S.C. § 1407, be for the convenience of the parties and witnesses and would promote the just and efficient conduct of federal asbestos personal injury/wrongful death actions, as multidistrict discovery governing the same types of allegations, claims and damages is already ongoing in MDL-875.   Therefore, pursuant to R.J.P.M.L. 7.2(i), 7.3(a), 7.4 and 7.5(e), Defendant Bell Helicopters Textron, Inc. hereby notifies the Panel that *Seitz* is pending in the United States District Court for the District of Delaware, and should be transferred to the Eastern District of Pennsylvania as part of MDL-875.

Should you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

M. Douglas Eisler / NP

M. Douglas Eisler

cc:    United States District Court, District of Delaware
       All Counsel of Record in *Seitz*

# EXHIBIT 1



EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :      C.A. No.  08C-04-247 ASB
MARY LOUISE SEITZ, his wife                    :
                                               :      COMPLAINT
        Plaintiffs,                            :
                                               :      NEW CASTLE COUNTY
                                               :
                                               :      ASBESTOS
            v.                                 :
                                               :      JURY TRIAL DEMANDED
                                               :
ADEL WIGGINS GROUP;                            :

AEROJET-GENERAL CORPORATION;                   :

AIR COOLED MOTORS;                             :

BELL HELICOPTER TEXTRON INC.;                  :

THE BOEING COMPANY;                            :

CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,        :
f/k/a Westinghouse Electric Corporation);      :

CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :
                                               :
CURTISS-WRIGHT CORPORATION;                    :

FLETCHAIR, INC.;                               :

FRANKLIN AIRCRAFT ENGINES, INC.;               :

GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :

GENERAL ELECTRIC COMPANY;                      :

GENERAL MOTORS CORPORATION;                    :

{00115603.DOC}

GOODRICH CORPORATION, A NEW          :
YORK CORPORATION (f/k/a B.F.         :
Goodrich Company);                   :

THE GOODYEAR TIRE & RUBBER           :
COMPANY;                             :
                                     :
HAWKER BEECHCRAFT, INC.              :
(f/k/a Raytheon Aircraft Company);   :
                                     :
HONEYWELL INTERNATIONAL INC.         :
(f/k/a Alliedsignal, Inc., as successor-in-    :
interest to The Bendix Corporation);  :
                                     :
IMO INDUSTRIES INC.;                 :
                                     :
LYCOMING ENGINES;                    :
                                     :
NORTHROP GRUMMAN                     :
CORPORATION;                         :
                                     :
PARKER-HANNIFIN CORPORATION;         :
                                     :
PRATT & WHITNEY                      :
ROCKETDYNE, INC. (f/k/a Pratt &      :
Whitney Aircraft Company);           :
                                     :
RAYTHEON COMPANY;                    :
                                     :
ROLLS-ROYCE NORTH AMERICA INC;       :
                                     :
SIKORSKY AIRCRAFT CORPORATION;       :
                                     :
TELEDYNE CONTINENTAL MOTORS          :
INC.,                                :
                                     :
TEXTRON INC.;                        :
                                     :
UNION CARBIDE CORPORATION;           :
                                     :
UNITED TECHNOLOGIES                  :
CORPORATION;                         :
                                     :
VOUGHT AIRCRAFT                      :
INDUSTRIES, INC.;                    :
                                     :
        Defendants.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

     To summon the above named defendant so that, within 20 days after service hereof upon

defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire,

#3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste.1200, Wilmington, DE

19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of

defense).

     To serve upon defendant a copy hereof and of the complaint (and of the affidavit of

demand if any has been filed by plaintiff).

Dated:  5|5|08

                                  SHARON AGNEW
                                  Prothonotary

                                  Per Deputy


**TO THE ABOVE NAMED DEFENDANT:**

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day

of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an

affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered

against you for the relief demanded in the complaint (or in the affidavit of demand, if any).


                                    SHARON AGNEW
                                  Prothonotary

                                  Per Deputy


{00115603.DOC}

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

COUNTY : N  K  S CIVIL ACTION NUMBER: _____

08C-04-247 ASB

| | |
|---|---|
| Caption: | CIVIL CASE CODE:   __ASB__ |
| FREDERICK SEITZ and MARY LOU SEITZ, his wife | CIVIL CASE TYPE:  __Asbestos__ |
| Plaintiffs, | Name and Status of Party filing document: |
| v. | Plaintiff |
| ADEL WIGGINS GROUP, et al. | Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| Defendants. | ORIGINAL COMPLAINT |
| | JURY DEMAND ___x___ YES ___ NO |

| | |
|---|---|
| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| Joseph J. Rhoades; A. Dale Bowers, Esq. | |
| ATTORNEY ID(S): | |
| DE BAR ID# 2064; 3932 | |
| FIRM NAME: | |
| LAW OFFICE OF JOSEPH J. RHOADES | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: | |
| 1225 North King Street, 12 Floor | |
| Wilmington, DE  19801 | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| (302) 427-9500 | |
| FAX NUMBER: | |
| E-MAIL ADDRESS: | |
| Dale.Bowers@RhoadesLegal.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

REVISED 9/2003

{00115521.DOC}

EFiled:  Apr 25 2008  4:06P
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :
MARY LOUISE SEITZ, his wife                    :         C.A. No. 08C-04-247 ASB

    Plaintiffs,                              :         COMPLAINT

        v.                                :         ASBESTOS

ADEL WIGGINS GROUP;                            :         JURY TRIAL DEMANDED

AEROJET-GENERAL CORPORATION;                   :

AIR COOLED MOTORS;                             :

BELL HELICOPTER TEXTRON INC.;                  :

THE BOEING COMPANY;                            :

CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,        :
f/k/a Westinghouse Electric Corporation);      :

CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :

CURTISS-WRIGHT CORPORATION;                    :

FLETCHAIR, INC.;                               :

FRANKLIN AIRCRAFT ENGINES, INC.;               :
                                               :
GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :

GENERAL ELECTRIC COMPANY;                      :

GENERAL MOTORS CORPORATION;                    :

GOODRICH CORPORATION, A NEW                    :
YORK CORPORATION (f/k/a B.F.                    :
Goodrich Company);                             :

THE GOODYEAR TIRE & RUBBER                     :

{00115286.DOC}

COMPANY;                                          :

HAWKER BEECHCRAFT, INC.                           :
(f/k/a Raytheon Aircraft Company);               :

HONEYWELL INTERNATIONAL INC.                      :
(f/k/a Alliedsignal, Inc., as successor-in-      :
interest to The Bendix Corporation);             :

IMO INDUSTRIES INC.;                              :
                                                 :
LYCOMING ENGINES;                                :
                                                 :
NORTHROP GRUMMAN                                  :
CORPORATION;                                      :
                                                 :
PARKER-HANNIFIN CORPORATION;                      :
                                                 :
PRATT & WHITNEY                                   :
ROCKETDYNE, INC. (f/k/a Pratt &                   :
Whitney Aircraft Company);                        :

RAYTHEON COMPANY;                                 :
                                                 :
ROLLS-ROYCE NORTH AMERICA INC; :

SIKORSKY AIRCRAFT CORPORATION; :

TELEDYNE CONTINENTAL MOTORS,                      :
INC.,                                            :
                                                 :
TEXTRON INC.;                                     :
                                                 :
UNION CARBIDE CORPORATION;                        :
                                                 :
UNITED TECHNOLOGIES                               :
CORPORATION;                                      :
                                                 :
VOUGHT AIRCRAFT                                   :
INDUSTRIES, INC.;                                 :

   Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

Come now Plaintiffs, FREDERICK SEITZ and MARY LOUISE SEITZ, by and through their attorneys, THE LAW OFFICE OF JOSEPH J. RHOADES and LEVY PHILLIPS & KONIGSBERG LLP, and in support of their claims against the Defendants, state as follows:

1.      Plaintiff FREDERICK SEITZ's full name is FREDERICK HENRY SEITZ.  He was born on May 20, 1929 and his Social Security number is 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.

2.      Plaintiff FREDERICK SEITZ and his wife MARY LOUISE SEITZ have resided at 2815 Sage Street, Colorado Springs, Colorado 80907 since approximately 1985. FREDERICK SEITZ's former residences include but are not limited to: 15190 E. Coachman, Colorado Springs, Colorado from approximately 1977 to 1985; in or around Fargo, North Dakota in approximately 1975; in or around Jamestown, North Dakota from approximately 1974 to 1975; 306 Lake Shore Drive, Lakeville, Minnesota from approximately 1969 to 1974; in or around Kansas City, Missouri from approximately 1967 to 1969; Palo Circle, Arbutus, Maryland from approximately 1966 to 1967; Marine Corps Air Base, New River, North Carolina in approximately 1965; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1961 to 1964; in or around Quantico, Virginia in approximately 1961; Wellham Avenue, Glen Burnie, Maryland from approximately 1960 to 1961; Marine Corps Air Base, New River, North Carolina from approximately 1957 to 1959; Ellyson Field, Florida in approximately 1957; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1955 to 1957; in or around Pensacola, Florida from approximately 1952 to 1955; 239 Meadow Road, Baltimore, Maryland from approximately 1951 to 1952; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1950 to 1951; in or around Pensacola, Florida from approximately 1949 to 1950; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1947 to

1948; in or around Woodbridge, Virginia from approximately 1946 to 1947; in or around Paris Island, South Carolina in approximately 1946; 317 Edison Street, Brooklyn Park, Maryland from approximately 1936 to 1946; in or around Brooklyn, Maryland from approximately 1934 to 1936; East of Patterson Park, Baltimore, Maryland from approximately 1931 to 1934; and Bradley Alley, Baltimore, Maryland from approximately 1929 to 1931. Additionally, FREDERICK SEITZ was deployed to various locations overseas during the Korean and Vietnam wars.

3.    FREDERICK SEITZ was employed at Central Arizona Aviation, located at Falcon Field, Mesa, Arizona, as a Supervisor and Manager from approximately 1986 to 1988; at IDS, located at 2345 N. Academy, Colorado Springs, Colorado, as an Investment Advisor from approximately 1977 to 1981; at Dakota Bake and Serve, located in Jamestown, North Dakota, as an Executive Staff Chief Pilot, Aircraft Maintenance and Support from approximately 1974 to 1976; at Imperial Airways, located in St. Paul, Minnesota as an Executive Vice President from approximately 1969 to 1973; at Bell Helicopter, located in Kansas City, Missouri as a Commercial Regional Marketing Manager, from approximately 1967 to 1969; in the United States Marine Corps, at the various previously listed locations, as a Mechanic and Pilot, from approximately 1946 to 1967; and in the United States Coast Guard, located at the Curtis Bay Coast Guard Station, Baltimore, Maryland as an Electrician Apprentice in approximately 1944.

4.    Plaintiff FREDERICK SEITZ attended Aviation Mechanical School training program, Quantico, Virginia in approximately 1946. Plaintiff's Aviation and Mechanical training included complete maintenance and repair of United States Marine Corps aircrafts, including but not limited to replacing and repairing brakes, gaskets, wiring, engines and fire sleeving.

5.    One or more defendants are citizens of the State of Delaware, and this action is not properly removable on any jurisdictional basis.

6.    Defendant Adel Wiggins Group is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Adel Wiggins Group's address for receipt of process is Attn: Officer/Agent, 5000 Triggs Street, Los Angeles, CA 90022.

7.    Defendant Aerojet – General Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.    Defendant Air Cooled Motors is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Air Cooled Motor's address for receipt of process is 94 Hale Drive, Walterboro, SC 29488.

9.    Defendant Bell Helicopter Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.    Defendant The Boeing Company is a Delaware corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

11.    Defendant CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) is a Delaware corporation whose

{00115286.DOC}

registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.    Defendant Cessna Aircraft Rhode Island Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.    Defendant Curtiss-Wright Corporation a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.    Defendant FletchAir, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  FletchAir, Inc.'s address for receipt of process is Attn: Officer/Agent, 118 FM 1621, Comfort, TX 78013-3425.

15.    Defendant Franklin Aircraft Engines, Inc. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Franklin Aircraft Engines, Inc.'s address for receipt of process is Attn: Officer/Agent, Ft. Collins, CO 80524.

16.    Defendant Garlock Sealing Technologies LLC (successor by merger to Garlock, Inc.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.    Defendant General Electric Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware

{00115286.DOC}

is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18. Defendant General Motors Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19. Defendant Goodrich Corporation, A New York Corporation, (f/k/a B.F. Goodrich Company) is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

20. Defendant The Goodyear Tire & Rubber Company is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21. Defendant Hawker Beechcraft, Inc. (f/k/a Raytheon Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22. Defendant Honeywell International Inc. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

23. Defendant IMO Industries Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

{00115286.DOC}

24.     Defendant Lycoming Engines is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Lycoming Engines' address for receipt of process is Attn: Officer/Agent, 652 Oliver Street, Williamsport, PA 17701.

25.     Defendant Northrop Grumman Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.     Defendant Parker-Hannifin Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.     Defendant Pratt & Whitney RocketDyne, Inc. (f/k/a Pratt & Whitney Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.     Defendant Raytheon Company is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.     Defendant Rolls-Royce North America Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

{00115286.DOC}

30.     Defendant Sikorsky Aircraft Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.     Defendant Teledyne Continental Motors, Inc. is a Delaware corporation whose registered agent for service of process is National Corporate Research, Ltd. located at 615 South DuPont Highway, Dover, DE 19901.

32.     Defendant Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.     Defendant Union Carbide Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.     Defendant United Technologies Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

35.     Defendant Vought Aircraft Industries, Inc. is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.     All Defendants herein were at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products.[1]  They were also engaged in the

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos containing products" includes asbestos, asbestos-

{00115286.DOC}

development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or

technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and

asbestos-containing products.

37.    FREDERICK SEITZ was wrongfully exposed to and inhaled, ingested or

otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, emanating from

certain products he was working with and around, as described below:

    a.    FREDERICK SEITZ was exposed to asbestos occupationally in the course of his
          employment as an electrician apprentice, mechanic, and a pilot at the above listed
          locations from approximately 1944 to 1970. He was exposed to asbestos from a
          variety of aircraft mechanical asbestos containing products including but not limited
          to: brakes, clamps, engines and engine parts, and gaskets.

    b.    FREDERICK SEITZ was exposed to asbestos non-occupationally (i.e. household
          exposure) while performing maintenance and repair work on his own personal
          aircrafts throughout his life. He was exposed to asbestos from a variety of aircraft
          mechanical asbestos containing products including but not limited to: brakes, clamps,
          engines and engine parts, and gaskets.

    c.    FREDERICK SEITZ may have been further exposed to asbestos in such a manner as
          further investigation and/or discovery may uncover.

FREDERICK SEITZ was exposed to asbestos and asbestos-containing products which

were manufactured, sold, distributed, or installed by the Defendants: ADEL WIGGINS GROUP;

AEROJET-GENERAL CORPORATION; AIR COOLED MOTORS; BELL HELICOPTER

TEXTRON INC.; THE BOEING COMPANY; CBS CORPORATION (f/k/a Viacom Inc.,

successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation); CESSNA

AIRCRAFT RHODE ISLAND INC.; CURTISS-WRIGHT CORPORATION; FLETCHAIR,

INC.; FRANKLIN AIRCRAFT ENGINES, INC.; GARLOCK SEALING TECHNOLOGIES

LLC (successor by merger to Garlock, Inc.); GENERAL ELECTRIC COMPANY; GENERAL

---

containing products, products designed to be used with asbestos-containing products, and/or products that it was
foreseeable would be used with asbestos-containing products.

{00115286.DOC}

MOTORS CORPORATION; GENUINE PARTS COMPANY; GOODRICH CORPORATION,

A NEW YORK CORPORATION (f/k/a B.F. Goodrich Company); THE GOODYEAR TIRE &

RUBBER COMPANY; HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company);

HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as successor-in-interest to

The Bendix Corporation); IMO INDUSTRIES INC.; LYCOMING ENGINES; NORTHROP

GRUMMAN CORPORATION; PARKER-HANNIFIN CORPORATION; PRATT &

WHITNEY ROCKETDYNE, INC. (f/k/a Pratt & Whitney Aircraft Company); RAYTHEON

COMPANY; ROLLS-ROYCE NORTH AMERICA INC; SIKORSKY AIRCRAFT

CORPORATION; TELEDYNE CONTINENTAL MOTORS, INC.; TEXTRON INC.; UNION

CARBIDE CORPORATION; UNITED TECHNOLOGIES CORPORATION; and VOUGHT

AIRCRAFT INDUSTRIES, INC.

38.     At all times herein set forth, the Defendants' products were being employed in the

manner and for the purposes for which they were intended.

39.     FREDERICK SEITZ's exposure to and inhalation, ingestion or absorption of

asbestos fibers emanating from the use of the above-mentioned products was completely

foreseeable and could or should have been anticipated by the Defendants.

40.     The Defendants knew or should have known that the asbestos fibers contained in

their products and/or the products with which their products were designed to be used had a

toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or

otherwise absorbing them.

41.     FREDERICK SEITZ suffers from an asbestos-related disease(s), including but

not limited to mesothelioma. FREDERICK SEITZ first became aware that he suffered from said

disease(s) in approximately March of 2008 and subsequently thereto, became aware that the

{00115286.DOC}

same was wrongfully caused. As a result of developing mesothelioma, FREDERICK SEITZ has endured and continues to endure great physical pain and suffering, mental anguish and emotional pain and suffering. Further, as a result of Defendants' wrongful conduct, FREDERICK SEITZ is required to receive and receives medical treatment to mitigate his asbestos related disease, incurring reasonable and necessary costs for medical care, diagnosis and treatment.

## COUNT I

## NEGLIGENCE

42.    The allegations in paragraphs One (1) through Forty One (41) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

43.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of FREDERICK SEITZ and others working with and around the Defendants' asbestos containing products.

44.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

45.    The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of FREDERICK SEITZ in one or more of the following respects:

    a.    Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ, working with and around them would inhale, ingest or otherwise absorb asbestos;

    b.    Included asbestos in their products when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly

{00115286.DOC}

deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.   Included asbestos in their products when adequate substitutes for the asbestos in them were available;

d.   Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.   Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.   Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with or around the products; and,

g.   Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

46.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, FREDERICK SEITZ was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing FREDERICK SEITZ to develop the asbestos disease aforesaid, which has disabled and disfigured FREDERICK SEITZ; FREDERICK SEITZ has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; and FREDERICK SEITZ has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

## COUNT II

## WILLFUL AND WANTON CONDUCT

47.     The allegations in paragraphs One (1) through Forty Six (46) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

48.     The Defendants had a duty to refrain from willful and wanton acts or omissions which would harm FREDERICK SEITZ.

49.     Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

    a.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ working with or around their products, would inhale, ingest or otherwise absorb asbestos;

    b.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    c.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when adequate substitutes for the asbestos in them was available;

    d.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

    e.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.  Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with and around the products;

g.  Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of FREDERICK SEITZ and others similarly situated;

h.  Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place; and,

i.  Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.  As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

51.  In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

{00115286.DOC}

## COUNT III

## STRICT PRODUCT LIABILITY

52.     The allegations in paragraphs One (1) through Fifty One (51) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

53.     The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

54.     When their asbestos and asbestos-containing products left the Defendants' possession and were placed on the market they were defective in that, when used in the intended or reasonably foreseeable manner, they were not reasonably safe for their intended use, they failed to perform as safely as would be expected by an ordinary user or consumer and/or created a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

55.     As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

## COUNT IV

## LOSS OF CONSORTIUM

56.     The allegations in paragraphs One (1) through Fifty Five (55) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

{00115286.DOC}

57.   Plaintiff FREDERICK SEITZ is married to Plaintiff MARY LOUISE SEITZ.  As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease and problems, Plaintiff MARY LOUISE SEITZ has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE,** Plaintiffs FREDERICK SEITZ and MARY LOUISE SEITZ pray this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $100,000; and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115286.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION            :            08C-04-247 ASB
                                                   77C-ASB-2

### NOTICE TO DEFENDANTS
### PURSUANT TO AMENDED STANDING ORDER NO. 1

TO:   Defendant

*TAKE NOTICE* that you have been served with a Complaint joining you as a party to an asbestos personal injury/product liability law suit filed in this Court. The matter is governed procedurally by this Court=s Civil Rules and by the laws, rules, and procedures for civil litigation in this State. Additionally, asbestos litigation matters are governed by a series of Standing Orders, including Standing Order No. 1 which requires the service of this notice upon you. Pursuant to the laws, rules, procedures, and Standing Orders governing the matter in which you have been joined as a Defendant, you must answer or otherwise plead within a specified time period and you are immediately deemed responsible for proceeding as specified by the applicable laws, rules, procedures, and Standing Orders applicable to asbestos litigation matters.

Defense efforts in asbestos litigation matters in this jurisdiction are coordinated by Standing Order directives. If you are not familiar with the laws, rules, procedures, and Standing Orders governing asbestos litigation matters in this jurisdiction, you are directed to contact Defense Coordinating Counsel for copies of existing and applicable Standing Orders, forms, and the like. You may contact Defense Coordinating Counsel as follows:

Loreto P. Rufo
Rufo Associates, PA
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, Delaware 19707
*
Telephone: 302-234-5900
Facsimile: 302-234-5905
*

/s/ *David A. White*
David A. White
Commissioner

October 13, 2006

{00115669.DOC}

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FREDERICK SEITZ and | : | |
| MARY LOUISE SEITZ, his wife | : | C.A. No. |
| | : | |
| Plaintiffs, | : | Jury of Twelve Demanded |
| | : | |
| v. | : | State Court No.: 08C-04-247 ASB |
| | : | |
| ADEL WIGGINS GROUP; AEROJET- | : | |
| GENERAL CORPORATION; AIR COOLED | : | |
| MOTORS; BELL HELICOPTER TEXTRON | : | |
| INC.; THE BOEING COMPANY; CBS | : | |
| CORPORATION (f/k/a Viacom Inc., Successor by | : | |
| merger to CBS Corporation, f/k/a Westinghouse | : | |
| Electric Corporation); CESSNA AIRCRAFT | : | |
| RHODE ISLAND INC.; CURTISS-WRIGHT | : | |
| CORPORATION; FLETCHAIR, INC.; | : | |
| FRANKLIN AIRCRAFT ENGINES, INC.; | : | |
| GARLOCK SEALING TECHNOLOGIES LLC | : | |
| (successor by merger to Garlock, Inc.); GENERAL | : | |
| ELECTRIC COMPANY; GENERAL MOTORS | : | |
| CORPORATION; GOODRICH CORPORATION, | : | |
| A NEW YORK CORPORATION (f/k/a B.F. | : | |
| Goodrich Company); THE GOODYEAR TIRE & | : | |
| RUBBER COMPANY; HAWKER | : | |
| BEECHCRAFT, INC. (f/k/a Raytheon Aircraft | : | |
| Company); HONEYWELL INTERNATIONAL | : | |
| INC. (f/k/a Alliedsignal, Inc., as successor-in- | : | |
| Interest to The Bendix Corporation); IMO | : | |
| INDUSTRIES INC.; LYCOMING ENGINES; | : | |
| NORTHROP GRUMMAN CORPORATION; | : | |
| PARKER-HANNIFIN CORPORATION; PRATT | : | |
| & WHITNEY ROCKETDYNE, INC. (f/k/a Pratt &: | : | |
| Whitney Aircraft Company); RAYTHEON | : | |
| COMPANY; ROLLS-ROYCE NORTH | : | |
| AMERICA, INC.; SIKORSKY AIRCRAFT | : | |
| CORPORATION; TELEDYNE CONTINENTAL | : | |
| MOTORS INC., TEXTRON INC.; UNION | : | |
| CARBIDE CORPORATION; UNITED | : | |
| TECHNOLOGIES CORPORATION; VOUGHT | : | |
| AIRCRAFT INDUSTRIES, INC., | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Bell Helicopter Textron Inc. ("Bell") hereby removes the above captioned matter to this Court and states the following in support thereof:

1.    Plaintiffs commenced this action by filing a complaint in the Superior Court of the State of Delaware on April 25, 2008. Ex. A. In accordance with 28 U.S.C. § 1446(a), a copy of the process served upon Bell is attached as Exhibit B. A copy of the only pleading served upon Bell in the state court is attached as Exhibit C.

2.    In the state court, the sheriff served Bell through its registered agent on May 13, 2008. This removal is timely under 28 U.S.C. § 1446(b) because Bell removed the action within thirty days of that service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999).

3.    Venue is proper pursuant to 28 U.S.C. § 1442(a) because the District of Delaware embraces all state courts within Delaware, including the Superior Court.

4.    In the complaint, Frederick Seitz alleges asbestos exposure and consequential disease (mesothelioma). His wife brings a derivative loss of consortium claim. Plaintiffs allege that Mr. Seitz's disease is attributable to thirty defendants, and that defendants specified, manufactured, distributed, sold, licensed, leased, installed, removed, or used asbestos and asbestos-containing products. Ex. A at ¶ 36. Plaintiffs also allege that defendants developed, manufactured, distributed, sold, licensed, or leased equipment, procedures, or technology necessary to mine, manufacture, sell, distribute, install, remove, and use asbestos and asbestos-containing products. *Id.* at ¶ 36. Plaintiffs assert that Mr. Seitz worked with, inhaled, ingested, or otherwise absorbed asbestos fibers during the course of his employment, including as an electrician apprentice, a mechanic, and a pilot. *Id.*

at ¶ 37. Plaintiffs further allege non-occupational asbestos exposure during maintenance and repair work on personal aircraft. *Id.*

5.     Mr. Seitz's purported occupational asbestos exposure, some of which plaintiffs attribute to Bell, relates to his employment at Central Arizona Aviation, IDS, Dakota Bake and Serve, Imperial Airways, the United States Marine Corps, the United States Coast Guard, and Bell Helicopter. *Id.* at ¶ 3. Plaintiffs also assert that Mr. Seitz attended an aviation mechanical school training program in Quantico, Virginia in 1946. *Id.* at ¶ 4.

6.     All of Bell's products that could have been a source of Mr. Seitz's alleged asbestos exposure were manufactured and delivered to the United States pursuant to contracts and specifications mandated by the United States.

7.     The federal officer removal statute permits the "United States or any agency thereof or any officer (or any person acting under that officer) of the Untied States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" to remove an action to federal court. 28 U.S.C. § 1442(a)(1).

8.     Federal officer removal is proper where a defendant can: (1) demonstrate that it is a person within the meaning of the statute; (2) establish that it acted under the direction of a federal agency or officer; (3) raise a colorable federal defense; and (4) demonstrate a causal nexus between the federal direction and the conduct in question. *Feidt v. Owens Corning Fiberglass Corp.*, 153 F.2d 124, 127 (3d Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)).

9.     Bell can remove this action pursuant to 28 U.S.C. § 1442 because, at all times and for all events relevant, it acted under an officer of the United States under color of such office. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034

-3-

(1999); *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424 (11th Cir. 1996); *Lopez v. Three Rivers Elec. Co-op,* 166 F.R.D. 411, 412 (E.D. Mo. 1996); *Jones v. Three Rivers Elec. Coop.,* 166 F.R.D. 413, 414 (E.D. Mo. 1996). Furthermore, Section 1442(a) authorizes removal without the consent of any other defendants. *See Elv Valley Mines, Inc. v. Hartford Accident & Indem. Co.,* 64 F.2d 1310, 1315 (9th Cir. 1981) ("federal officer . . . can remove without other defendants joining in the petition, and the entire case is removed to the federal court.")

10.    Bell is a "person[]" within the meaning of § 1442(a)(1). *Willingham v. Morgan,* 395 U.S. 402, 406 (1969). The statute's "color of office" requirement is neither "limited" or "narrow," and the Court should afford the statute a broad reading to avoid frustrating the statute's underlying rationale. *Murray v. Murray,* 621 F.2d 103, 107 (5th Cir. 1980). The right to remove arises when there is a single "federal interest in the matter." *Willingham,* 395 U.S. at 406. *See also Mesa v. California,* 489 U.S. 121, 129 (1989) ("'Nor is it any objection that questions are involved which are not all of a Federal character. If one of the latter exist, if there be a single such ingredient in the mass, it is sufficient. *That element is decisive upon the subject of jurisdiction.*") (quoting *The Mayor v. Cooper,* 73 U.S. 247, 253 (1867) (emphasis in original)). Further, a federal defense allowing removal must only be plausible—its ultimate validity is not to be determined at the time of removal. *Mesa,* 489 U.S. at 129.

11.    During all of Mr. Seitz's alleged asbestos exposure while serving in the military (as a mechanic and helicopter pilot), the only Bell products which he would have worked or flown on—the Bell UH-1 (Huey) and AH-1 (Cobra)—were manufactured and delivered under contracts with the United States pursuant to precise military specifications controlled by the United States. Those specifications called out every design detail and controlled the design and manufacture of

-4-

those military products. *See Teague v. Bell Helicopter Srvs., Inc.*, 2003 WL 21135481, at *1-4 (N.D. Tex. 2003) (holding, based on a declaration by William T. Wilson detailing extensive interaction between the government and Bell in carrying out contracts for helicopters (including the UH-1 and AH-1 series), that Bell acted pursuant to directions by the United States in contracting to design and manufacture military helicopters, and that a causal nexus existed between Bell's actions (under color of federal office) and the plaintiffs' claims); *see also Dewey v. Asbestos Defs.*, No. C-04-4645 MMC (N. D. Cal. Jan. 3, 2005) (holding, based on a declaration by William T. Wilson attesting that the United States had direct control over the design and production of UH-1 helicopters (and later variants) and that Bell helicopters were built according to government specifications, that Bell demonstrated that it acted under the direction of a federal officer in manufacturing UH-1 helicopters, and that a causal nexus sufficient for removal existed under 28 U.S.C. § 1442(a)(1)) (Ex. D). Consequently, Bell "act[ed] under" an officer of the United States when its companies designed and manufactured the military products in question. Bell's actions, therefore, are inseparable from the associated, and pervasive, government specification, regulation, and oversight. Thus, a sufficient nexus exists between the alleged actions, all at government direction, and plaintiffs' claims for relief in this matter.

12.    Bell's answer to the complaint sets out the "government contractor defense" articulated by the United States Supreme Court in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988), and followed by *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431 (5th Cir. 2000), *Tate v. Boeing Helicopters*, 55 F.3d 1150 (6th Cir. 1995), *Harduvel v. General Dynamics Corp.*, 878 F.2d 1311 (11th Cir. 1989), and *Ramey v. Martin Baker Aircraft Co.*, 874 F.2d 946 (4th Cir. 1989). Ex. E at p. 10. The defense is based on the fact that the United States controlled and approved the

-5-

design of the military products at issue. *See Teague*, 2003 WL 21135481, at *1-4, and Ex. D

(recognizing right to remove where Bell submitted evidence that the United States set forth detailed

specifications for helicopters built by Bell mandating the use of asbestos and giving Bell no

discretion in its use of asbestos in the helicopters, and that UH-1 helicopters were made exclusively

for military use and Bell possessed no knowledge of the dangers concerning design, materials,

painting, and markings for helicopters and component parts which the Unites States was not already

aware). Accordingly, Bell raised a "colorable" defense under federal law that it is immune to civil

prosecution for actions taken at the direction of the United States.

13. 28 U.S.C. § 1442(a) authorizes removal without the consent of any other defendant

and the entire case is removed to federal court. *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 152

(5th Cir. 1965).

14. Removal is authorized by sections (a) and (b) of 28 U.S.C. §§ 1441, because the

federal courts would have original, federal question jurisdiction over the case pursuant to 28 U.S.C.

§ 1331. Federal question jurisdiction exists because the United States has so completely preempted

the field of aircraft design, maintenance, operation, and safety, that the regulation and standard of

care appropriate for the entire field of military and civilian aviation is preempted by, and governed

by, federal law, and because plaintiffs' claims against Bell are necessarily federal in nature.

15. 28 U.S.C. § 1441(c) permits removal of the entire cause of action when jurisdiction

is conferred by 28 U.S.C. § 1331. The consent of the other defendants is not required where removal

is sought pursuant to 28 U.S.C. § 1441.

16. Bell will give notice of the removal in state court, as required by 28 U.S.C. § 1446(d),

and request that the state court proceed no further unless and until this Court remands the case.

-6-

**WHEREFORE**, Bell Helicopter Textron Inc. hereby removes the above-captioned action from the state court and to the United States District Court for the District of Delaware.

<table>
<tr>
<td></td>
<td>SMITH, KATZENSTEIN & FURLOW LLP</td>
</tr>
</table>

*Of counsel:*

M. Douglas Eisler
Ryan Lane Leonard
Wilson Elser Moskowitz
  Edelman & Dicker LLP
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, Pennsylvania 19106-3308
(215) 627-6900
(215) 627-2665 (facsimile)

    /s/   *Robert K. Beste*
Robert K. Beste, III (No. 3931)
Post Office Box 410
Wilmington, Delaware 19899
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

June 11, 2008

-7-

# EXHIBIT A

EFiled: Apr 25 2008  4:06 __ EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                     :

FREDERICK SEITZ and                             :     C.A. No.
MARY LOUISE SEITZ, his wife                     :
                                                :     COMPLAINT
        Plaintiffs,                             :
                                                :     ASBESTOS
        v.                                      :
                                                :     JURY TRIAL DEMANDED
ADEL WIGGINS GROUP;                             :

AEROJET-GENERAL CORPORATION;                    :

AIR COOLED MOTORS;                              :

BELL HELICOPTER TEXTRON INC.;                   :

THE BOEING COMPANY;                             :

CBS CORPORATION (f/k/a Viacom Inc.,             :
successor by merger to CBS Corporation,
f/k/a Westinghouse Electric Corporation);       :

CESSNA AIRCRAFT RHODE ISLAND                    :
INC.;
                                                :
CURTISS-WRIGHT CORPORATION;                     :

FLETCHAIR, INC.;                                :

FRANKLIN AIRCRAFT ENGINES, INC.;                :

GARLOCK SEALING TECHNOLOGIES                    :
LLC (successor by merger to Garlock, Inc.);     :

GENERAL ELECTRIC COMPANY;                       :

GENERAL MOTORS CORPORATION;                     :

GOODRICH CORPORATION, A NEW                     :
YORK CORPORATION (f/k/a B.F.
Goodrich Company);                              :

THE GOODYEAR TIRE & RUBBER                      :

{00115286.DOC}

COMPANY;                                              :

HAWKER BEECHCRAFT, INC.                               :
(f/k/a Raytheon Aircraft Company);                    :

HONEYWELL INTERNATIONAL INC.                          :
(f/k/a Alliedsignal, Inc., as successor-in-           :
interest to The Bendix Corporation);                  :

IMO INDUSTRIES INC.;                                  :

LYCOMING ENGINES;                                     :

NORTHROP GRUMMAN                                      :
CORPORATION;                                          :

PARKER-HANNIFIN CORPORATION;                          :

PRATT & WHITNEY                                       :
ROCKETDYNE, INC. (f/k/a Pratt &                       :
Whitney Aircraft Company);                            :

RAYTHEON COMPANY;                                     :

ROLLS-ROYCE NORTH AMERICA INC;  :

SIKORSKY AIRCRAFT CORPORATION;  :

TELEDYNE CONTINENTAL MOTORS,                          :
INC.,                                                 :

TEXTRON INC.;                                         :

UNION CARBIDE CORPORATION;                            :

UNITED TECHNOLOGIES                                   :
CORPORATION;                                          :

VOUGHT AIRCRAFT                                       :
INDUSTRIES, INC.;                                     :

      Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Come now Plaintiffs, FREDERICK SEITZ and MARY LOUISE SEITZ, by and through their attorneys, THE LAW OFFICE OF JOSEPH J. RHOADES and LEVY PHILLIPS & KONIGSBERG LLP, and in support of their claims against the Defendants, state as follows:

1.     Plaintiff FREDERICK SEITZ's full name is FREDERICK HENRY SEITZ.  He was born on May 20, 1929 and his Social Security number is 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.

2.     Plaintiff FREDERICK SEITZ and his wife MARY LOUISE SEITZ have resided at 2815 Sage Street, Colorado Springs, Colorado 80907 since approximately 1985. FREDERICK SEITZ's former residences include but are not limited to: 15190 E. Coachman, Colorado Springs, Colorado from approximately 1977 to 1985; in or around Fargo, North Dakota in approximately 1975; in or around Jamestown, North Dakota from approximately 1974 to 1975; 306 Lake Shore Drive, Lakeville, Minnesota from approximately 1969 to 1974; in or around Kansas City, Missouri from approximately 1967 to 1969; Palo Circle, Arbutus, Maryland from approximately 1966 to 1967; Marine Corps Air Base, New River, North Carolina in approximately 1965; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1961 to 1964; in or around Quantico, Virginia in approximately 1961; Wellham Avenue, Glen Burnie, Maryland from approximately 1960 to 1961; Marine Corps Air Base, New River, North Carolina from approximately 1957 to 1959; Ellyson Field, Florida in approximately 1957; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1955 to 1957; in or around Pensacola, Florida from approximately 1952 to 1955; 239 Meadow Road, Baltimore, Maryland from approximately 1951 to 1952; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1950 to 1951; in or around Pensacola, Florida from approximately 1949 to 1950; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1947 to

1948; in or around Woodbridge, Virginia from approximately 1946 to 1947; in or around Paris

Island, South Carolina in approximately 1946; 317 Edison Street, Brooklyn Park, Maryland from

approximately 1936 to 1946; in or around Brooklyn, Maryland from approximately 1934 to

1936; East of Patterson Park, Baltimore, Maryland  from approximately 1931 to 1934; and

Bradley Alley, Baltimore, Maryland from approximately 1929 to 1931. Additionally,

FREDERICK SEITZ was deployed to various locations overseas during the Korean and Vietnam

wars.

      3.     FREDERICK SEITZ was employed at Central Arizona Aviation, located at

Falcon Field, Mesa, Arizona, as a Supervisor and Manager from approximately 1986 to 1988; at

IDS, located at 2345 N. Academy, Colorado Springs, Colorado, as an Investment Advisor from

approximately 1977 to 1981; at Dakota Bake and Serve, located in Jamestown, North Dakota, as

an Executive Staff Chief Pilot, Aircraft Maintenance and Support from approximately 1974 to

1976; at Imperial Airways, located in St. Paul, Minnesota as an Executive Vice President from

approximately 1969 to 1973; at Bell Helicopter, located in Kansas City, Missouri as a

Commercial Regional Marketing Manager, from approximately 1967 to 1969; in the United

States Marine Corps, at the various previously listed locations, as a Mechanic and Pilot, from

approximately 1946 to 1967; and in the United States Coast Guard, located at the Curtis Bay

Coast Guard Station, Baltimore, Maryland as an Electrician Apprentice in approximately 1944.

      4.     Plaintiff FREDERICK SEITZ attended Aviation Mechanical School training

program, Quantico, Virginia in approximately 1946. Plaintiff's Aviation and Mechanical training

included complete maintenance and repair of United States Marine Corps aircrafts, including but

not limited to replacing and repairing brakes, gaskets, wiring, engines and fire sleeving.

5.    One or more defendants are citizens of the State of Delaware, and this action is not properly removable on any jurisdictional basis.

6.    Defendant Adel Wiggins Group is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Adel Wiggins Group's address for receipt of process is Attn: Officer/Agent, 5000 Triggs Street, Los Angeles, CA 90022.

7.    Defendant Aerojet – General Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.    Defendant Air Cooled Motors is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Air Cooled Motor's address for receipt of process is 94 Hale Drive, Walterboro, SC 29488.

9.    Defendant Bell Helicopter Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.    Defendant The Boeing Company is a Delaware corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

11.    Defendant CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) is a Delaware corporation whose

{00115286.DOC}

registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.    Defendant Cessna Aircraft Rhode Island Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.    Defendant Curtiss-Wright Corporation a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.    Defendant FletchAir, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  FletchAir, Inc.'s address for receipt of process is Attn: Officer/Agent, 118 FM 1621, Comfort, TX 78013-3425.

15.    Defendant Franklin Aircraft Engines, Inc. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Franklin Aircraft Engines, Inc.'s address for receipt of process is Attn: Officer/Agent, Ft. Collins, CO 80524.

16.    Defendant Garlock Sealing Technologies LLC (successor by merger to Garlock, Inc.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.    Defendant General Electric Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware

is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.    Defendant General Motors Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19.    Defendant Goodrich Corporation, A New York Corporation, (f/k/a B.F. Goodrich Company) is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

20.    Defendant The Goodyear Tire & Rubber Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21.    Defendant Hawker Beechcraft, Inc. (f/k/a Raytheon Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.    Defendant Honeywell International Inc. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

23.    Defendant IMO Industries Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

{00115286.DOC}

24.    Defendant Lycoming Engines is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 <u>Del</u>. <u>C</u>. § 3104(c) by service upon the Secretary of State of the State of Delaware. Lycoming Engines' address for receipt of process is Attn: Officer/Agent, 652 Oliver Street, Williamsport, PA 17701.

25.    Defendant Northrop Grumman Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.    Defendant Parker-Hannifin Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.    Defendant Pratt & Whitney RocketDyne, Inc. (f/k/a Pratt & Whitney Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.    Defendant Raytheon Company is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.    Defendant Rolls-Royce North America Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

30.    Defendant Sikorsky Aircraft Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.    Defendant Teledyne Continental Motors, Inc. is a Delaware corporation whose registered agent for service of process is National Corporate Research, Ltd. located at 615 South DuPont Highway, Dover, DE 19901.

32.    Defendant Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.    Defendant Union Carbide Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.    Defendant United Technologies Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

35.    Defendant Vought Aircraft Industries, Inc. is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.    All Defendants herein were at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products.[1]  They were also engaged in the

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos containing products" includes asbestos, asbestos-

development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or

technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and

asbestos-containing products.

      37.    FREDERICK SEITZ was wrongfully exposed to and inhaled, ingested or

otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, emanating from

certain products he was working with and around, as described below:

        a.   FREDERICK SEITZ was exposed to asbestos occupationally in the course of his
            employment as an electrician apprentice, mechanic, and a pilot at the above listed
            locations from approximately 1944 to 1970. He was exposed to asbestos from a
            variety of aircraft mechanical asbestos containing products including but not limited
            to: brakes, clamps, engines and engine parts, and gaskets.

        b.   FREDERICK SEITZ was exposed to asbestos non-occupationally (i.e. household
            exposure) while performing maintenance and repair work on his own personal
            aircrafts throughout his life. He was exposed to asbestos from a variety of aircraft
            mechanical asbestos containing products including but not limited to: brakes, clamps,
            engines and engine parts, and gaskets.

        c.   FREDERICK SEITZ may have been further exposed to asbestos in such a manner as
            further investigation and/or discovery may uncover.

      FREDERICK SEITZ was exposed to asbestos and asbestos-containing products which

were manufactured, sold, distributed, or installed by the Defendants: ADEL WIGGINS GROUP;

AEROJET-GENERAL CORPORATION; AIR COOLED MOTORS; BELL HELICOPTER

TEXTRON INC.; THE BOEING COMPANY; CBS CORPORATION (f/k/a Viacom Inc.,

successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation); CESSNA

AIRCRAFT RHODE ISLAND INC.; CURTISS-WRIGHT CORPORATION; FLETCHAIR,

INC.; FRANKLIN AIRCRAFT ENGINES, INC.; GARLOCK SEALING TECHNOLOGIES

LLC (successor by merger to Garlock, Inc.); GENERAL ELECTRIC COMPANY; GENERAL

---

containing products, products designed to be used with asbestos-containing products, and/or products that it was
foreseeable would be used with asbestos-containing products.

{00115286.DOC}

MOTORS CORPORATION; GENUINE PARTS COMPANY; GOODRICH CORPORATION, A NEW YORK CORPORATION (f/k/a B.F. Goodrich Company); THE GOODYEAR TIRE & RUBBER COMPANY; HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company); HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation); IMO INDUSTRIES INC.; LYCOMING ENGINES; NORTHROP GRUMMAN CORPORATION; PARKER-HANNIFIN CORPORATION; PRATT & WHITNEY ROCKETDYNE, INC. (f/k/a Pratt & Whitney Aircraft Company); RAYTHEON COMPANY; ROLLS-ROYCE NORTH AMERICA INC; SIKORSKY AIRCRAFT CORPORATION; TELEDYNE CONTINENTAL MOTORS, INC.; TEXTRON INC.; UNION CARBIDE CORPORATION; UNITED TECHNOLOGIES CORPORATION; and VOUGHT AIRCRAFT INDUSTRIES, INC.

38.     At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

39.     FREDERICK SEITZ's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

40.     The Defendants knew or should have known that the asbestos fibers contained in their products and/or the products with which their products were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

41.     FREDERICK SEITZ suffers from an asbestos-related disease(s), including but not limited to mesothelioma. FREDERICK SEITZ first became aware that he suffered from said disease(s) in approximately March of 2008 and subsequently thereto, became aware that the

{00115286.DOC}

same was wrongfully caused.  As a result of developing mesothelioma, FREDERICK SEITZ has

endured and continues to endure great physical pain and suffering, mental anguish and emotional

pain and suffering.  Further, as a result of Defendants' wrongful conduct, FREDERICK SEITZ is

required to receive and receives medical treatment to mitigate his asbestos related disease,

incurring reasonable and necessary costs for medical care, diagnosis and treatment.

**COUNT I**

**NEGLIGENCE**

42.    The allegations in paragraphs One (1) through Forty One (41) above are realleged

and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon

the substantive law of the State of North Carolina or such law as the Court holds to be

applicable.

43.    At all times herein relevant, the Defendants had a duty to exercise reasonable care

and caution for the safety of FREDERICK SEITZ and others working with and around the

Defendants' asbestos containing products.

44.    The Defendants knew or should have known that the asbestos fibers contained in

their products had a toxic, poisonous, and highly deleterious effect upon the health of persons

inhaling, ingesting or otherwise absorbing them.

45.    The Defendants were negligent in that they failed to exercise ordinary care and

caution for the safety of FREDERICK SEITZ in one or more of the following respects:

    a.    Included asbestos in their products, even though it was completely
       foreseeable and could or should have been anticipated that persons such as
       FREDERICK SEITZ, working with and around them would inhale, ingest
       or otherwise absorb asbestos;

    b.    Included asbestos in their products when the Defendants knew or should
       have known that said asbestos would have a toxic, poisonous and highly

        deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.      Included asbestos in their products when adequate substitutes for the asbestos in them were available;

d.      Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.      Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.      Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with or around the products; and,

g.      Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

46.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, FREDERICK SEITZ was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing FREDERICK SEITZ to develop the asbestos disease aforesaid, which has disabled and disfigured FREDERICK SEITZ; FREDERICK SEITZ has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; and FREDERICK SEITZ has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

{00115286.DOC}

## COUNT II

## WILLFUL AND WANTON CONDUCT

47.    The allegations in paragraphs One (1) through Forty Six (46) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

48.    The Defendants had a duty to refrain from willful and wanton acts or omissions which would harm FREDERICK SEITZ.

49.    Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

    a.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ working with or around their products, would inhale, ingest or otherwise absorb asbestos;

    b.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    c.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when adequate substitutes for the asbestos in them was available;

    d.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

    e.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.   Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with and around the products;

g.   Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of FREDERICK SEITZ and others similarly situated;

h.   Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place; and,

i.   Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.   As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

51.   In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

{00115286.DOC}

## COUNT III

## STRICT PRODUCT LIABILITY

52.     The allegations in paragraphs One (1) through Fifty One (51) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

53.     The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

54.     When their asbestos and asbestos-containing products left the Defendants' possession and were placed on the market they were defective in that, when used in the intended or reasonably foreseeable manner, they were not reasonably safe for their intended use, they failed to perform as safely as would be expected by an ordinary user or consumer and/or created a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

55.     As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

## COUNT IV

## LOSS OF CONSORTIUM

56.     The allegations in paragraphs One (1) through Fifty Five (55) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

{00115286.DOC}

57.    Plaintiff FREDERICK SEITZ is married to Plaintiff MARY LOUISE SEITZ.  As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease and problems, Plaintiff MARY LOUISE SEITZ has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE**, Plaintiffs FREDERICK SEITZ and MARY LOUISE SEITZ pray this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $100,000; and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115286.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| FREDERICK SEITZ and <br> MARY LOUISE SEITZ, his wife | : | C.A. No. |
|  | : |  |
| Plaintiffs, | : | KENT COUNTY <br> PRAECIPE |
|  | : |  |
| v. | : | ASBESTOS |
|  | : |  |
| ADEL WIGGINS GROUP; | : | JURY TRIAL DEMANDED |
|  | : |  |
| AEROJET-GENERAL CORPORATION; | : |  |
|  | : |  |
| AIR COOLED MOTORS; | : |  |
|  | : |  |
| BELL HELICOPTER TEXTRON INC.; | : |  |
|  | : |  |
| THE BOEING COMPANY; | : |  |
|  | : |  |
| CBS CORPORATION (f/k/a Viacom Inc., <br> successor by merger to CBS Corporation, <br> f/k/a Westinghouse Electric Corporation); | : |  |
|  | : |  |
| CESSNA AIRCRAFT RHODE ISLAND <br> INC.; | : |  |
|  | : |  |
| CURTISS-WRIGHT CORPORATION; | : |  |
|  | : |  |
| FLETCHAIR, INC.; | : |  |
|  | : |  |
| FRANKLIN AIRCRAFT ENGINES, INC.; | : |  |
|  | : |  |
| GARLOCK SEALING TECHNOLOGIES <br> LLC (successor by merger to Garlock, Inc.); | : |  |
|  | : |  |
| GENERAL ELECTRIC COMPANY; | : |  |
|  | : |  |
| GENERAL MOTORS CORPORATION; | : |  |
|  | : |  |
| GOODRICH CORPORATION, A NEW <br> YORK CORPORATION (f/k/a B.F. <br> Goodrich Company); | : |  |
|  | : |  |
| THE GOODYEAR TIRE & RUBBER <br> COMPANY; | : |  |

{00115598.DOC}

HAWKER BEECHCRAFT, INC.                    :
(f/k/a Raytheon Aircraft Company);          :
                                            :
HONEYWELL INTERNATIONAL INC.               :
(f/k/a Alliedsignal, Inc., as successor-in- :
interest to The Bendix Corporation);        :
                                            :
IMO INDUSTRIES INC.;                        :
                                            :
LYCOMING ENGINES;                           :
                                            :
NORTHROP GRUMMAN                            :
CORPORATION;                                :
                                            :
PARKER-HANNIFIN CORPORATION;               :
                                            :
PRATT & WHITNEY                             :
ROCKETDYNE, INC. (f/k/a Pratt &            :
Whitney Aircraft Company);                  :
                                            :
RAYTHEON COMPANY;                           :
                                            :
ROLLS-ROYCE NORTH AMERICA INC; :
                                            :
SIKORSKY AIRCRAFT CORPORATION; :
                                            :
TELEDYNE CONTINENTAL MOTORS,                :
INC.,                                       :
                                            :
TEXTRON INC.;                               :
                                            :
UNION CARBIDE CORPORATION;                 :
                                            :
UNITED TECHNOLOGIES                         :
CORPORATION;                                :
                                            :
VOUGHT AIRCRAFT                             :
INDUSTRIES, INC.;                           :
                                            :
        Defendants.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## KENT COUNTY PRAECIPE

PLEASE ISSUE Summons and Complaint through the Sheriff of Kent County to

the defendant at the address indicated herein:

TELEDYNE CONTINENTAL MOTORS, INC.
c/o: National Corporate Research, Ltd.
615 South DuPont Highway,
Dover, DE 19901.


Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500

Attorneys for Plaintiffs

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290


Dated: April 25, 2008

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FREDERICK SEITZ and<br>MARY LOUISE SEITZ, his wife | C.A. No. |
| Plaintiffs, | NEW CASTLE COUNTY<br>PRAECIPE |
| v. | ASBESTOS |
| ADEL WIGGINS GROUP; | JURY TRIAL DEMANDED |
| AEROJET-GENERAL CORPORATION; | |
| AIR COOLED MOTORS; | |
| BELL HELICOPTER TEXTRON INC.; | |
| THE BOEING COMPANY; | |
| CBS CORPORATION (f/k/a Viacom Inc.,<br>successor by merger to CBS Corporation,<br>f/k/a Westinghouse Electric Corporation); | |
| CESSNA AIRCRAFT RHODE ISLAND<br>INC.; | |
| CURTISS-WRIGHT CORPORATION; | |
| FLETCHAIR, INC.; | |
| FRANKLIN AIRCRAFT ENGINES, INC.; | |
| GARLOCK SEALING TECHNOLOGIES<br>LLC (successor by merger to Garlock, Inc.); | |
| GENERAL ELECTRIC COMPANY; | |
| GENERAL MOTORS CORPORATION; | |
| GOODRICH CORPORATION, A NEW<br>YORK CORPORATION (f/k/a B.F.<br>Goodrich Company); | |
| THE GOODYEAR TIRE & RUBBER<br>COMPANY; | |

{00115598.DOC}

HAWKER BEECHCRAFT, INC.                          :
(f/k/a Raytheon Aircraft Company);               :
                                                 :
HONEYWELL INTERNATIONAL INC.                     :
(f/k/a Alliedsignal, Inc., as successor-in-      :
interest to The Bendix Corporation);             :
                                                 :
IMO INDUSTRIES INC.;                             :
                                                 :
LYCOMING ENGINES;                                :
                                                 :
NORTHROP GRUMMAN                                 :
CORPORATION;                                     :
                                                 :
PARKER-HANNIFIN CORPORATION;                     :
                                                 :
PRATT & WHITNEY                                  :
ROCKETDYNE, INC. (f/k/a Pratt &                  :
Whitney Aircraft Company);                       :
                                                 :
RAYTHEON COMPANY;                                :
                                                 :
ROLLS-ROYCE NORTH AMERICA INC;                   :
                                                 :
SIKORSKY AIRCRAFT CORPORATION;                   :
                                                 :
TELEDYNE CONTINENTAL MOTORS,                     :
INC.,                                            :
                                                 :
TEXTRON INC.;                                    :
                                                 :
UNION CARBIDE CORPORATION;                       :
                                                 :
UNITED TECHNOLOGIES                              :
CORPORATION;                                     :
                                                 :
VOUGHT AIRCRAFT                                  :
INDUSTRIES, INC.;                                :
                                                 :
        Defendants.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NEW CASTLE COUNTY PRAECIPE

PLEASE ISSUE Summons and Complaint through the Sheriff of New Castle

County to the defendants at the address indicated herein:

AEROJET-GENERAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BELL HELICOPTER TEXTRON INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CESSNA AIRCRAFT RHODE ISLAND INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CURTISS-WRIGHT CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GARLOCK SEALING TECHNOLOGIES LLC (successor by
merger to Garlock, Inc.)
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GENERAL ELECTRIC COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GENERAL MOTORS CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company)
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

{00115598.DOC}

HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as
successor-in-interest to The Bendix Corporation)
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

IMO INDUSTRIES INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NORTHROP GRUMMAN CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PARKER-HANNIFIN CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PRATT & WHITNEY ROCKETDYNE, INC. (f/k/a Pratt &
Whitney Aircraft Company)
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RAYTHEON COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

SIKORSKY AIRCRAFT CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

{00115598.DOC}

TEXTRON INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNION CARBIDE CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNITED TECHNOLOGIES CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

VOUGHT AIRCRAFT INDUSTRIES, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE BOEING COMPANY
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

CBS CORPORATION (f/k/a Viacom Inc.,successor by merger to CBS
Corporation, f/k/a Westinghouse Electric Corporation);
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

GOODRICH CORPORATION, A NEW YORK CORPORATION
(f/k/a B.F. Goodrich Company)
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

THE GOODYEAR TIRE & RUBBER COMPANY
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

{00115598.DOC}

ROLLS-ROYCE NORTH AMERICA INC.
c/o Corporation Service Company
2711 Centerville Road Suite 400
Wilmington, DE 19808

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500

Attorneys for Plaintiffs

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115598.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FREDERICK SEITZ and<br>MARY LOUISE SEITZ, his wife | C.A. No. |
| : | |
| Plaintiffs, | 10 Del. C. § 3104<br>SECRETARY OF STATE<br>PRAECIPE |
| v. | |
| | ASBESTOS |
| ADEL WIGGINS GROUP; | |
| | JURY TRIAL DEMANDED |

FREDERICK SEITZ and
MARY LOUISE SEITZ, his wife          :          C.A. No.

                                                :          10 Del. C. § 3104
          Plaintiffs,                          :          SECRETARY OF STATE
                                                :          PRAECIPE
          v.                                   :
                                                :          ASBESTOS
ADEL WIGGINS GROUP;                             :
                                                :          JURY TRIAL DEMANDED
AEROJET-GENERAL CORPORATION;                    :
                                                :
AIR COOLED MOTORS;                              :
                                                :
BELL HELICOPTER TEXTRON INC.;                   :
                                                :
THE BOEING COMPANY;                             :
                                                :
CBS CORPORATION (f/k/a Viacom Inc.,             :
successor by merger to CBS Corporation,         :
f/k/a Westinghouse Electric Corporation);       :
                                                :
CESSNA AIRCRAFT RHODE ISLAND                    :
INC.;                                           :
                                                :
CURTISS-WRIGHT CORPORATION;                     :
                                                :
FLETCHAIR, INC.;                                :
                                                :
FRANKLIN AIRCRAFT ENGINES, INC.;                :
                                                :
GARLOCK SEALING TECHNOLOGIES                    :
LLC (successor by merger to Garlock, Inc.);     :
                                                :
GENERAL ELECTRIC COMPANY;                       :
                                                :
GENERAL MOTORS CORPORATION;                     :
                                                :
GOODRICH CORPORATION, A NEW                     :
YORK CORPORATION (f/k/a B.F.                    :
Goodrich Company);                              :
                                                :
THE GOODYEAR TIRE & RUBBER                      :
COMPANY;                                        :

{00115600.DOC}

HAWKER BEECHCRAFT, INC.                          :
(f/k/a Raytheon Aircraft Company);               :
                                                 :
HONEYWELL INTERNATIONAL INC.                     :
(f/k/a Alliedsignal, Inc., as  successor-in-     :
interest to The Bendix Corporation);             :
                                                 :
IMO INDUSTRIES INC.;                             :
                                                 :
LYCOMING ENGINES;                                :
                                                 :
NORTHROP GRUMMAN                                 :
CORPORATION;                                     :
                                                 :
PARKER-HANNIFIN CORPORATION;                     :
                                                 :
PRATT & WHITNEY                                  :
ROCKETDYNE, INC. (f/k/a Pratt &                  :
Whitney Aircraft Company);                       :
                                                 :
RAYTHEON COMPANY;                                :
                                                 :
ROLLS-ROYCE NORTH AMERICA INC; :
                                                 :
SIKORSKY AIRCRAFT CORPORATION; :
                                                 :
TELEDYNE CONTINENTAL MOTORS                      :
INC.,                                            :
                                                 :
TEXTRON INC.;                                    :
                                                 :
UNION CARBIDE CORPORATION;                       :
                                                 :
UNITED TECHNOLOGIES                              :
CORPORATION;                                     :
                                                 :
VOUGHT AIRCRAFT                                  :
INDUSTRIES, INC.;                                :
                                                 :
        Defendants.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - -X


## SECRETARY OF STATE 3104 PRAECIPE

PLEASE ISSUE Summons and Complaint through the Secretary of State, Dover,

Delaware, pursuant to 10 Del. C. § 3104 for Defendants at the addresses indicated herein:

{00115600.DOC}

ADEL WIGGINS GROUP
Attn: Officer/Agent
5000 Triggs Street
Los Angeles, CA 90022

AIR COOLED MOTORS
Attn: Officer/Agent
94 Hale Drive
Walterboro, SC 29488

FLETCHAIR, INC.
Attn: Officer/Agent
118 FM 1621
Comfort, TX 78013-3425

FRANKLIN AIRCRAFT ENGINES, INC.
Attn: Officer/Agent
Ft. Collins, CO 80524

LYCOMING ENGINES
Attn: Officer/Agent
652 Oliver Street
Williamsport, PA 17701

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES
By: /s/ A. Dale Bowers_____
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiffs
-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115600.DOC}



EFiled:  Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :        C.A. No.
MARY LOUISE SEITZ, his wife
                                               :        COMPLAINT
    Plaintiffs,                                :        KENT COUNTY
                                               :
                                               :        ASBESTOS
         v.                                    :
                                               :        JURY TRIAL DEMANDED
                                               :

ADEL WIGGINS GROUP;                            :

AEROJET-GENERAL CORPORATION;                   :

AIR COOLED MOTORS;                             :

BELL HELICOPTER TEXTRON INC.;                  :

THE BOEING COMPANY;                            :

CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,
f/k/a Westinghouse Electric Corporation);      :

CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :

CURTISS-WRIGHT CORPORATION;                    :

FLETCHAIR, INC.;                               :

FRANKLIN AIRCRAFT ENGINES, INC.;               :

GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :

GENERAL ELECTRIC COMPANY;                      :

GENERAL MOTORS CORPORATION;                    :

{00115603.DOC}

GOODRICH CORPORATION, A NEW :
YORK CORPORATION (f/k/a B.F. :
Goodrich Company); :

THE GOODYEAR TIRE & RUBBER :
COMPANY; :
 :
HAWKER BEECHCRAFT, INC. :
(f/k/a Raytheon Aircraft Company); :
 :
HONEYWELL INTERNATIONAL INC. :
(f/k/a Alliedsignal, Inc., as successor-in- :
interest to The Bendix Corporation); :
 :
IMO INDUSTRIES INC.; :
 :
LYCOMING ENGINES; :
 :
NORTHROP GRUMMAN :
CORPORATION; :
 :
PARKER-HANNIFIN CORPORATION; :
 :
PRATT & WHITNEY :
ROCKETDYNE, INC. (f/k/a Pratt & :
Whitney Aircraft Company); :
 :
RAYTHEON COMPANY; :
 :
ROLLS-ROYCE NORTH AMERICA INC; :
 :
SIKORSKY AIRCRAFT CORPORATION; :
 :
TELEDYNE CONTINENTAL MOTORS :
INC., :
 :
TEXTRON INC.; :
 :
UNION CARBIDE CORPORATION; :
 :
UNITED TECHNOLOGIES :
CORPORATION; :
 :
VOUGHT AIRCRAFT :
INDUSTRIES, INC.; :
 :
  Defendants. :

{00115603.DOC}

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire, #3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste.1200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:                                      SHARON AGNEW
                                            Prothonotary

                                            _____
                                            Per Deputy


**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                            SHARON AGNEW
                                            Prothonotary

                                            _____
                                            Per Deputy



EFiled:  Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :     C.A. No.
MARY LOUISE SEITZ, his wife                    :
                                               :     COMPLAINT
        Plaintiffs,                            :
                                               :     NEW CASTLE COUNTY
                                               :
            v.                                 :     ASBESTOS
                                               :
                                               :     JURY TRIAL DEMANDED
                                               :
ADEL WIGGINS GROUP;                            :
                                               :
AEROJET-GENERAL CORPORATION;                   :
                                               :
AIR COOLED MOTORS;                             :
                                               :
BELL HELICOPTER TEXTRON INC.;                  :
                                               :
THE BOEING COMPANY;                            :
                                               :
CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,        :
f/k/a Westinghouse Electric Corporation);      :
                                               :
CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :
                                               :
CURTISS-WRIGHT CORPORATION;                    :
                                               :
FLETCHAIR, INC.;                               :
                                               :
FRANKLIN AIRCRAFT ENGINES, INC.;               :
                                               :
GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :
                                               :
GENERAL ELECTRIC COMPANY;                      :
                                               :
GENERAL MOTORS CORPORATION;                    :

{00115603.DOC}

GOODRICH CORPORATION, A NEW     :
YORK CORPORATION (f/k/a B.F.     :
Goodrich Company);     :

THE GOODYEAR TIRE & RUBBER     :
COMPANY;     :

HAWKER BEECHCRAFT, INC.     :
(f/k/a Raytheon Aircraft Company);     :

HONEYWELL INTERNATIONAL INC.     :
(f/k/a Alliedsignal, Inc., as successor-in-     :
interest to The Bendix Corporation);     :

IMO INDUSTRIES INC.;     :

LYCOMING ENGINES;     :

NORTHROP GRUMMAN     :
CORPORATION;     :

PARKER-HANNIFIN CORPORATION;     :

PRATT & WHITNEY     :
ROCKETDYNE, INC. (f/k/a Pratt &     :
Whitney Aircraft Company);     :

RAYTHEON COMPANY;     :

ROLLS-ROYCE NORTH AMERICA INC;  :

SIKORSKY AIRCRAFT CORPORATION; :

TELEDYNE CONTINENTAL MOTORS     :
INC.,     :

TEXTRON INC.;     :

UNION CARBIDE CORPORATION;     :

UNITED TECHNOLOGIES     :
CORPORATION;     :

VOUGHT AIRCRAFT     :
INDUSTRIES, INC.;     :

      Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

      To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire, #3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste.1200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

      To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:                               SHARON AGNEW
                                       Prothonotary

                                       _____
                                       Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                       SHARON AGNEW
                                       Prothonotary

                                       _____
                                       Per Deputy

{00115603.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB



SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

------------------------------X
                                    :
FREDERICK SEITZ and                 :      C.A. No.
MARY LOUISE SEITZ, his wife         :
                                    :      10 Del. C. § 3104
         Plaintiffs,                :      SECRETARY OF STATE
                                    :
                                    :      ASBESTOS
                                    :
         v.                         :      JURY TRIAL DEMANDED
                                    :
ADEL WIGGINS GROUP;                 :
                                    :
AEROJET-GENERAL CORPORATION;        :
                                    :
AIR COOLED MOTORS;                  :
                                    :
BELL HELICOPTER TEXTRON INC.;       :
                                    :
THE BOEING COMPANY;                 :
                                    :
CBS CORPORATION (f/k/a Viacom Inc., :
successor by merger to CBS Corporation, :
f/k/a Westinghouse Electric Corporation); :
                                    :
CESSNA AIRCRAFT RHODE ISLAND        :
INC.;                               :
                                    :
CURTISS-WRIGHT CORPORATION;         :
                                    :
FLETCHAIR, INC.;                    :
                                    :
FRANKLIN AIRCRAFT ENGINES, INC.;    :
                                    :
GARLOCK SEALING TECHNOLOGIES        :
LLC (successor by merger to Garlock, Inc.); :
                                    :
GENERAL ELECTRIC COMPANY;           :
                                    :
GENERAL MOTORS CORPORATION;         :
                                    :
GOODRICH CORPORATION, A NEW         :

{00115602.DOC}

YORK CORPORATION (f/k/a B.F.                    :
Goodrich Company);                              :

THE GOODYEAR TIRE & RUBBER                      :
COMPANY;                                        :
                                                :
HAWKER BEECHCRAFT, INC.                         :
(f/k/a Raytheon Aircraft Company);             :
                                                :
HONEYWELL INTERNATIONAL INC.                    :
(f/k/a Alliedsignal, Inc., as  successor-in-   :
interest to The Bendix Corporation);            :
                                                :
IMO INDUSTRIES INC.;                            :
                                                :
LYCOMING ENGINES;                               :
                                                :
NORTHROP GRUMMAN                                :
CORPORATION;                                    :
                                                :
PARKER-HANNIFIN CORPORATION;                    :
                                                :
PRATT & WHITNEY                                 :
ROCKETDYNE, INC. (f/k/a Pratt &                :
Whitney Aircraft Company);                      :
                                                :
RAYTHEON COMPANY;                               :
                                                :
ROLLS-ROYCE NORTH AMERICA INC; :
                                                :
SIKORSKY AIRCRAFT CORPORATION; :
                                                :
TELEDYNE CONTINENTAL MOTORS                     :
INC.,                                           :
                                                :
TEXTRON INC.;                                   :
                                                :
UNION CARBIDE CORPORATION;                      :
                                                :
UNITED TECHNOLOGIES                             :
CORPORATION;                                    :
                                                :
VOUGHT AIRCRAFT                                 :
INDUSTRIES, INC.;                               :
                                                :
            Defendants.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire, #3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste. 1200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:                         SHARON AGNEW
                                Prothonotary

                                _____
                                Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                SHARON AGNEW
                                Prothonotary

                                _____
                                Per Deputy

{00115602.DOC}

EFiled: Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION        :        77C-ASB-2

### NOTICE TO DEFENDANTS
### PURSUANT TO AMENDED STANDING ORDER NO. 1

TO:     Defendant

*TAKE NOTICE* that you have been served with a Complaint joining you as a party to an asbestos personal injury/product liability law suit filed in this Court. The matter is governed procedurally by this Court=s Civil Rules and by the laws, rules, and procedures for civil litigation in this State. Additionally, asbestos litigation matters are governed by a series of Standing Orders, including Standing Order No. 1 which requires the service of this notice upon you. Pursuant to the laws, rules, procedures, and Standing Orders governing the matter in which you have been joined as a Defendant, you must answer or otherwise plead within a specified time period and you are immediately deemed responsible for proceeding as specified by the applicable laws, rules, procedures, and Standing Orders applicable to asbestos litigation matters.

Defense efforts in asbestos litigation matters in this jurisdiction are coordinated by Standing Order directives. If you are not familiar with the laws, rules, procedures, and Standing Orders governing asbestos litigation matters in this jurisdiction, you are directed to contact Defense Coordinating Counsel for copies of existing and applicable Standing Orders, forms, and the like. You may contact Defense Coordinating Counsel as follows:

Loreto P. Rufo
Rufo Associates, PA
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, Delaware 19707
*
Telephone: 302-234-5900
Facsimile: 302-234-5905
*

*/s/ David A. White*
David A. White
Commissioner

October 13, 2006

{00115669.DOC}

# EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/13/2008
CT Log Number 513417831

TO:  Sandra Jack, Chief Paralegal
Textron Inc.
40 Westminster Street
Providence, RI 02903

RE:  **Process Served in Delaware**

FOR:  Bell Helicopter Textron Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Seitz and Mary Louise Seitz, etc., Pltfs. vs. Adel Wiggins Group, et al. including Bell Helicopter Textron Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Complaint, Notice, LexisNexis Cover Sheet |
| **COURT/AGENCY:** | New Castle County: Superior Court, DE Case # 08C-04-247 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/13/2008 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | A. Dale Bowers Law Office of Joseph J. Rhoades 1225 North King Street 12th Floor Wilmington, DE 19801 302-427-9500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791065310103 Email Notification, Sandra Jack SJACK@TEXTRON.COM |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / JH

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



EFiled:  Apr 25 2008  4:06 ...
Transaction ID 19576189
Case No. 08C-04-247 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                  :

FREDERICK SEITZ and                          :    C.A. No. 08C-04-247 ASB
MARY LOUISE SEITZ, his wife
                                             :    COMPLAINT
    Plaintiffs,
                                             :    NEW CASTLE COUNTY

                                             :    ASBESTOS

    v.                                       :    JURY TRIAL DEMANDED

                                             :

ADEL WIGGINS GROUP;                          :

AEROJET-GENERAL CORPORATION;                 :

AIR COOLED MOTORS;                           :

BELL HELICOPTER TEXTRON INC.;                :

THE BOEING COMPANY;                          :

CBS CORPORATION (f/k/a Viacom Inc.,          :
successor by merger to CBS Corporation,
f/k/a Westinghouse Electric Corporation);    :

CESSNA AIRCRAFT RHODE ISLAND                 :
INC.;
                                             :
CURTISS-WRIGHT CORPORATION;
                                             :
FLETCHAIR, INC.;
                                             :
FRANKLIN AIRCRAFT ENGINES, INC.;             :

GARLOCK SEALING TECHNOLOGIES                 :
LLC (successor by merger to Garlock, Inc.);  :

GENERAL ELECTRIC COMPANY;                    :

GENERAL MOTORS CORPORATION;                  :

{00115603.DOC}

GOODRICH CORPORATION, A NEW          :
YORK CORPORATION (f/k/a B.F.         :
Goodrich Company);                   :

THE GOODYEAR TIRE & RUBBER           :
COMPANY;                             :
                                     :
HAWKER BEECHCRAFT, INC.              :
(f/k/a Raytheon Aircraft Company);   :

HONEYWELL INTERNATIONAL INC.         :
(f/k/a Alliedsignal, Inc., as successor-in-   :
interest to The Bendix Corporation); :

IMO INDUSTRIES INC.;                 :
                                     :
LYCOMING ENGINES;                    :
                                     :
NORTHROP GRUMMAN                     :
CORPORATION;                         :

PARKER-HANNIFIN CORPORATION;         :
                                     :
PRATT & WHITNEY                      :
ROCKETDYNE, INC. (f/k/a Pratt &      :
Whitney Aircraft Company);           :
                                     :
RAYTHEON COMPANY;                    :
                                     :
ROLLS-ROYCE NORTH AMERICA INC;       :
                                     :
SIKORSKY AIRCRAFT CORPORATION;       :

TELEDYNE CONTINENTAL MOTORS          :
INC.,                                :
                                     :
TEXTRON INC.;                        :
                                     :
UNION CARBIDE CORPORATION;           :
                                     :
UNITED TECHNOLOGIES                  :
CORPORATION;                         :
                                     :
VOUGHT AIRCRAFT                      :
INDUSTRIES, INC.;                    :
                                     :
    Defendants.                      :

{00115603.DOC}

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire, #3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste.1200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 5|5|08

SHARON AGNEW
Prothonotary

Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary

Per Deputy

{00115603.DOC}

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

COUNTY :  N   K   S   CIVIL ACTION NUMBER: _____

08C-04-247 ASB

| Caption: | CIVIL CASE CODE: ___ASB___ |
|---|---|
| FREDERICK SEITZ and MARY LOU SEITZ, his wife __ | CIVIL CASE TYPE: ___Asbestos___ |
| Plaintiffs,_____ | Name and Status of Party filing document: |
| ____ v._____ | Plaintiff_____ |
| ADEL WIGGINS GROUP, et al.__ | Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| Defendants.__ | |
| _____ | ___ORIGINAL COMPLAINT___ |
| _____ | |
| _____ | JURY DEMAND ___x___ YES ___ NO |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| Joseph J. Rhoades; A. Dale Bowers, Esq. | |
| ATTORNEY ID(S): | |
| DE BAR ID# 2064; 3932 | |
| FIRM NAME: | |
| LAW OFFICE OF JOSEPH J. RHOADES | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: | |
| 1225 North King Street, 12 Floor | _____ |
| Wilmington, DE  19801 | _____ |
| | _____ |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| (302) 427-9500 | _____ |
| FAX NUMBER: | _____ |
| | _____ |
| E-MAIL ADDRESS: | |
| Dale.Bowers@RhoadesLegal.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

REVISED 9/2003

{00115521.DOC}

EFiled: Apr 25 2008  4:06
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

--------------------------------X

IN RE: ASBESTOS LITIGATION:                      :

FREDERICK SEITZ and                              :        C.A. No. 08C-04-247 ASB
MARY LOUISE SEITZ, his wife
                                                 :        COMPLAINT
          Plaintiffs,
                                                 :        ASBESTOS
             v.
                                                 :        JURY TRIAL DEMANDED
ADEL WIGGINS GROUP;                              :

AEROJET-GENERAL CORPORATION;                     :

AIR COOLED MOTORS;                               :

BELL HELICOPTER TEXTRON INC.;                    :

THE BOEING COMPANY;                              :

CBS CORPORATION (f/k/a Viacom Inc.,              :
successor by merger to CBS Corporation,
f/k/a Westinghouse Electric Corporation);        :

CESSNA AIRCRAFT RHODE ISLAND                     :
INC.;
                                                 :
CURTISS-WRIGHT CORPORATION;
                                                 :
FLETCHAIR, INC.;
                                                 :
FRANKLIN AIRCRAFT ENGINES, INC.;                 :

GARLOCK SEALING TECHNOLOGIES                     :
LLC (successor by merger to Garlock, Inc.);      :

GENERAL ELECTRIC COMPANY;                        :

GENERAL MOTORS CORPORATION;                      :

GOODRICH CORPORATION, A NEW                      :
YORK CORPORATION (f/k/a B.F.
Goodrich Company);                               :

THE GOODYEAR TIRE & RUBBER                       :

{00115286.DOC}

COMPANY;                                    :

HAWKER BEECHCRAFT, INC.                      :
(f/k/a Raytheon Aircraft Company);          :

HONEYWELL INTERNATIONAL INC.                 :
(f/k/a Alliedsignal, Inc., as successor-in- :
interest to The Bendix Corporation);        :
                                            :
IMO INDUSTRIES INC.;                         :

LYCOMING ENGINES;                            :

NORTHROP GRUMMAN                             :
CORPORATION;                                 :
                                            :
PARKER-HANNIFIN CORPORATION;                 :
                                            :
PRATT & WHITNEY                              :
ROCKETDYNE, INC. (f/k/a Pratt &             :
Whitney Aircraft Company);                   :
                                            :
RAYTHEON COMPANY;                            :
                                            :
ROLLS-ROYCE NORTH AMERICA INC; :

SIKORSKY AIRCRAFT CORPORATION; :

TELEDYNE CONTINENTAL MOTORS,                 :
INC.,                                        :
                                            :
TEXTRON INC.;                                :
                                            :
UNION CARBIDE CORPORATION;                   :
                                            :
UNITED TECHNOLOGIES                          :
CORPORATION;                                 :
                                            :
VOUGHT AIRCRAFT                              :
INDUSTRIES, INC.;                            :
                                            :
        Defendants.                          :
- - - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

Come now Plaintiffs, FREDERICK SEITZ and MARY LOUISE SEITZ, by and through their attorneys, THE LAW OFFICE OF JOSEPH J. RHOADES and LEVY PHILLIPS & KONIGSBERG LLP, and in support of their claims against the Defendants, state as follows:

1.    Plaintiff FREDERICK SEITZ's full name is FREDERICK HENRY SEITZ. He was born on May 20, 1929 and his Social Security number is 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.

2.    Plaintiff FREDERICK SEITZ and his wife MARY LOUISE SEITZ have resided at 2815 Sage Street, Colorado Springs, Colorado 80907 since approximately 1985. FREDERICK SEITZ's former residences include but are not limited to: 15190 E. Coachman, Colorado Springs, Colorado from approximately 1977 to 1985; in or around Fargo, North Dakota in approximately 1975; in or around Jamestown, North Dakota from approximately 1974 to 1975; 306 Lake Shore Drive, Lakeville, Minnesota from approximately 1969 to 1974; in or around Kansas City, Missouri from approximately 1967 to 1969; Palo Circle, Arbutus, Maryland from approximately 1966 to 1967; Marine Corps Air Base, New River, North Carolina in approximately 1965; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1961 to 1964; in or around Quantico, Virginia in approximately 1961; Wellham Avenue, Glen Burnie, Maryland from approximately 1960 to 1961; Marine Corps Air Base, New River, North Carolina from approximately 1957 to 1959; Ellyson Field, Florida in approximately 1957; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1955 to 1957; in or around Pensacola, Florida from approximately 1952 to 1955; 239 Meadow Road, Baltimore, Maryland from approximately 1951 to 1952; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1950 to 1951; in or around Pensacola, Florida from approximately 1949 to 1950; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1947 to

{00115286.DOC}

1948; in or around Woodbridge, Virginia from approximately 1946 to 1947; in or around Paris Island, South Carolina in approximately 1946; 317 Edison Street, Brooklyn Park, Maryland from approximately 1936 to 1946; in or around Brooklyn, Maryland from approximately 1934 to 1936; East of Patterson Park, Baltimore, Maryland from approximately 1931 to 1934; and Bradley Alley, Baltimore, Maryland from approximately 1929 to 1931. Additionally, FREDERICK SEITZ was deployed to various locations overseas during the Korean and Vietnam wars.

3.    FREDERICK SEITZ was employed at Central Arizona Aviation, located at Falcon Field, Mesa, Arizona, as a Supervisor and Manager from approximately 1986 to 1988; at IDS, located at 2345 N. Academy, Colorado Springs, Colorado, as an Investment Advisor from approximately 1977 to 1981; at Dakota Bake and Serve, located in Jamestown, North Dakota, as an Executive Staff Chief Pilot, Aircraft Maintenance and Support from approximately 1974 to 1976; at Imperial Airways, located in St. Paul, Minnesota as an Executive Vice President from approximately 1969 to 1973; at Bell Helicopter, located in Kansas City, Missouri as a Commercial Regional Marketing Manager, from approximately 1967 to 1969; in the United States Marine Corps, at the various previously listed locations, as a Mechanic and Pilot, from approximately 1946 to 1967; and in the United States Coast Guard, located at the Curtis Bay Coast Guard Station, Baltimore, Maryland as an Electrician Apprentice in approximately 1944.

4.    Plaintiff FREDERICK SEITZ attended Aviation Mechanical School training program, Quantico, Virginia in approximately 1946. Plaintiff's Aviation and Mechanical training included complete maintenance and repair of United States Marine Corps aircrafts, including but not limited to replacing and repairing brakes, gaskets, wiring, engines and fire sleeving.

{00115286.DOC}

5.    One or more defendants are citizens of the State of Delaware, and this action is not properly removable on any jurisdictional basis.

6.    Defendant Adel Wiggins Group is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Adel Wiggins Group's address for receipt of process is Attn: Officer/Agent, 5000 Triggs Street, Los Angeles, CA 90022.

7.    Defendant Aerojet – General Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.    Defendant Air Cooled Motors is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Air Cooled Motor's address for receipt of process is 94 Hale Drive, Walterboro, SC 29488.

9.    Defendant Bell Helicopter Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.    Defendant The Boeing Company is a Delaware corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

11.    Defendant CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) is a Delaware corporation whose

{00115286.DOC}

registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.    Defendant Cessna Aircraft Rhode Island Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.    Defendant Curtiss-Wright Corporation a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.    Defendant FletchAir, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. FletchAir, Inc.'s address for receipt of process is Attn: Officer/Agent, 118 FM 1621, Comfort, TX 78013-3425.

15.    Defendant Franklin Aircraft Engines, Inc. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Franklin Aircraft Engines, Inc.'s address for receipt of process is Attn: Officer/Agent, Ft. Collins, CO 80524.

16.    Defendant Garlock Sealing Technologies LLC (successor by merger to Garlock, Inc.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.    Defendant General Electric Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware

is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.    Defendant General Motors Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19.    Defendant Goodrich Corporation, A New York Corporation, (f/k/a B.F. Goodrich Company) is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

20.    Defendant The Goodyear Tire & Rubber Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21.    Defendant Hawker Beechcraft, Inc. (f/k/a Raytheon Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.    Defendant Honeywell International Inc. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

23.    Defendant IMO Industries Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

{00115286.DOC}

24.    Defendant Lycoming Engines is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Lycoming Engines' address for receipt of process is Attn: Officer/Agent, 652 Oliver Street, Williamsport, PA 17701.

25.    Defendant Northrop Grumman Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.    Defendant Parker-Hannifin Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.    Defendant Pratt & Whitney RocketDyne, Inc. (f/k/a Pratt & Whitney Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.    Defendant Raytheon Company is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.    Defendant Rolls-Royce North America Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

{00115286.DOC}

30.    Defendant Sikorsky Aircraft Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.    Defendant Teledyne Continental Motors, Inc. is a Delaware corporation whose registered agent for service of process is National Corporate Research, Ltd. located at 615 South DuPont Highway, Dover, DE 19901.

32.    Defendant Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.    Defendant Union Carbide Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.    Defendant United Technologies Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

35.    Defendant Vought Aircraft Industries, Inc. is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.    All Defendants herein were at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products.[1]  They were also engaged in the

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos containing products" includes asbestos, asbestos-

{00115286.DOC}

development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and asbestos-containing products.

37.    FREDERICK SEITZ was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, emanating from certain products he was working with and around, as described below:

a. FREDERICK SEITZ was exposed to asbestos occupationally in the course of his employment as an electrician apprentice, mechanic, and a pilot at the above listed locations from approximately 1944 to 1970. He was exposed to asbestos from a variety of aircraft mechanical asbestos containing products including but not limited to: brakes, clamps, engines and engine parts, and gaskets.

b. FREDERICK SEITZ was exposed to asbestos non-occupationally (i.e. household exposure) while performing maintenance and repair work on his own personal aircrafts throughout his life. He was exposed to asbestos from a variety of aircraft mechanical asbestos containing products including but not limited to: brakes, clamps, engines and engine parts, and gaskets.

c. FREDERICK SEITZ may have been further exposed to asbestos in such a manner as further investigation and/or discovery may uncover.

FREDERICK SEITZ was exposed to asbestos and asbestos-containing products which were manufactured, sold, distributed, or installed by the Defendants: ADEL WIGGINS GROUP; AEROJET-GENERAL CORPORATION; AIR COOLED MOTORS; BELL HELICOPTER TEXTRON INC.; THE BOEING COMPANY; CBS CORPORATION (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation); CESSNA AIRCRAFT RHODE ISLAND INC.; CURTISS-WRIGHT CORPORATION; FLETCHAIR, INC.; FRANKLIN AIRCRAFT ENGINES, INC.; GARLOCK SEALING TECHNOLOGIES LLC (successor by merger to Garlock, Inc.); GENERAL ELECTRIC COMPANY; GENERAL

---

containing products, products designed to be used with asbestos-containing products, and/or products that it was foreseeable would be used with asbestos-containing products.

{00115286.DOC}

MOTORS CORPORATION; GENUINE PARTS COMPANY; GOODRICH CORPORATION, A NEW YORK CORPORATION (f/k/a B.F. Goodrich Company); THE GOODYEAR TIRE & RUBBER COMPANY; HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company); HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation); IMO INDUSTRIES INC.; LYCOMING ENGINES; NORTHROP GRUMMAN CORPORATION; PARKER-HANNIFIN CORPORATION; PRATT & WHITNEY ROCKETDYNE, INC. (f/k/a Pratt & Whitney Aircraft Company); RAYTHEON COMPANY; ROLLS-ROYCE NORTH AMERICA INC; SIKORSKY AIRCRAFT CORPORATION; TELEDYNE CONTINENTAL MOTORS, INC.; TEXTRON INC.; UNION CARBIDE CORPORATION; UNITED TECHNOLOGIES CORPORATION; and VOUGHT AIRCRAFT INDUSTRIES, INC.

38.    At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

39.    FREDERICK SEITZ's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

40.    The Defendants knew or should have known that the asbestos fibers contained in their products and/or the products with which their products were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

41.    FREDERICK SEITZ suffers from an asbestos-related disease(s), including but not limited to mesothelioma. FREDERICK SEITZ first became aware that he suffered from said disease(s) in approximately March of 2008 and subsequently thereto, became aware that the

{00115286.DOC}

same was wrongfully caused. As a result of developing mesothelioma, FREDERICK SEITZ has endured and continues to endure great physical pain and suffering, mental anguish and emotional pain and suffering. Further, as a result of Defendants' wrongful conduct, FREDERICK SEITZ is required to receive and receives medical treatment to mitigate his asbestos related disease, incurring reasonable and necessary costs for medical care, diagnosis and treatment.

**COUNT I**

**NEGLIGENCE**

42. The allegations in paragraphs One (1) through Forty One (41) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

43. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of FREDERICK SEITZ and others working with and around the Defendants' asbestos containing products.

44. The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

45. The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of FREDERICK SEITZ in one or more of the following respects:

a. Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ, working with and around them would inhale, ingest or otherwise absorb asbestos;

b. Included asbestos in their products when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly

{00115286.DOC}

deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.   Included asbestos in their products when adequate substitutes for the asbestos in them were available;

d.   Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.   Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.   Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with or around the products; and,

g.   Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

46.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, FREDERICK SEITZ was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing FREDERICK SEITZ to develop the asbestos disease aforesaid, which has disabled and disfigured FREDERICK SEITZ; FREDERICK SEITZ has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; and FREDERICK SEITZ has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

{00115286.DOC}

## COUNT II

## WILLFUL AND WANTON CONDUCT

47.    The allegations in paragraphs One (1) through Forty Six (46) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

48.    The Defendants had a duty to refrain from willful and wanton acts or omissions which would harm FREDERICK SEITZ.

49.    Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

a.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ working with or around their products, would inhale, ingest or otherwise absorb asbestos;

b.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when adequate substitutes for the asbestos in them was available;

d.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

e.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

{00115286.DOC}

    f.       Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with and around the products;

    g.      Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of FREDERICK SEITZ and others similarly situated;

    h.      Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place; and,

    i.      Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.    As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

51.    In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

## COUNT III

## STRICT PRODUCT LIABILITY

52.     The allegations in paragraphs One (1) through Fifty One (51) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

53.     The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

54.     When their asbestos and asbestos-containing products left the Defendants' possession and were placed on the market they were defective in that, when used in the intended or reasonably foreseeable manner, they were not reasonably safe for their intended use, they failed to perform as safely as would be expected by an ordinary user or consumer and/or created a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

55.     As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

## COUNT IV

## LOSS OF CONSORTIUM

56.     The allegations in paragraphs One (1) through Fifty Five (55) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

{00115286.DOC}

57.     Plaintiff FREDERICK SEITZ is married to Plaintiff MARY LOUISE SEITZ.  As

a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-

related disease and problems, Plaintiff MARY LOUISE SEITZ has suffered and will continue in

the future to suffer a loss of the support, consortium and society of her husband, together with

related mental anguish and pain and suffering.

    **WHEREFORE**, Plaintiffs FREDERICK SEITZ and MARY LOUISE SEITZ pray this

Court to enter judgment against Defendants and to award: compensatory damages in an amount

to be proved at trial, but believed to exceed $100,000; and punitive damages in an amount

sufficient to punish Defendants for their misconduct and to deter similarly situated parties from

committing like acts of misconduct in the future; and for such other and further relief that this

Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115286.DOC}

EFiled: Apr 25 2008 4:06 EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

|                              |   |                    |
|------------------------------|---|--------------------|
|                              |   | 08C-04-247 ASB     |
| IN RE: ASBESTOS LITIGATION   | : | 77C-ASB-2          |

### NOTICE TO DEFENDANTS
### PURSUANT TO AMENDED STANDING ORDER NO. 1

TO:   Defendant

    ***TAKE NOTICE*** that you have been served with a Complaint joining you as a party to an asbestos personal injury/product liability law suit filed in this Court. The matter is governed procedurally by this Court=s Civil Rules and by the laws, rules, and procedures for civil litigation in this State. Additionally, asbestos litigation matters are governed by a series of Standing Orders, including Standing Order No. 1 which requires the service of this notice upon you. Pursuant to the laws, rules, procedures, and Standing Orders governing the matter in which you have been joined as a Defendant, you must answer or otherwise plead within a specified time period and you are immediately deemed responsible for proceeding as specified by the applicable laws, rules, procedures, and Standing Orders applicable to asbestos litigation matters.

    Defense efforts in asbestos litigation matters in this jurisdiction are coordinated by Standing Order directives. If you are not familiar with the laws, rules, procedures, and Standing Orders governing asbestos litigation matters in this jurisdiction, you are directed to contact Defense Coordinating Counsel for copies of existing and applicable Standing Orders, forms, and the like. You may contact Defense Coordinating Counsel as follows:

Loreto P. Rufo
Rufo Associates, PA
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, Delaware 19707
*

Telephone: 302-234-5900
Facsimile: 302-234-5905
*

*/s/ David A. White*
David A. White
Commissioner

October 13, 2006

{00115669.DOC}

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

|                                              |   |                        |
|----------------------------------------------|---|------------------------|
| IN RE:  Asbestos Litigation                  | : |                        |
| FREDRICK SEITZ and                           | : | C.A. No. 08C-04-247    |
| MARY LOUISE SEITZ, his wife,                 | : |                        |
|                                              | : | NON-ARBITRATION        |
|                  Plaintiffs,                 | : |                        |
| v.                                           | : |                        |
|                                              | : | JURY TRIAL OF          |
| GARLOCK SEALING TECHNOLOGIES, LLC,           | : | TWELVE DEMANDED        |
|                                              | : |                        |
|                  Defendant.                  | : |                        |

**ENTRY OF APPEARANCE AND ANSWER TO COMPLAINT OF DEFENDANT
GARLOCK SEALING TECHNOLOGIES, LLC**

Defendant, Garlock Sealing Technologies, LLC, by and through its undersigned attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby answers plaintiffs' Complaint as follows:

1.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

2.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

3.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

4.     Denied.

5.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

6.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

7.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

8.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

9.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

10.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

11.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

12.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

13.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

14.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

15.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

16.     Denied.

17.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

18.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

19.     Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

20.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

21.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

22.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

23.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

24.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

25.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

26.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

27.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

28.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

29.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

30.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

31.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

32.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

33.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

34. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

35. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are denied.

36. Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

37. Denied.

38. Denied.

39. Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

40. Denied as to answering defendant. Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

41. Denied.

## COUNT I

42. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 41 of plaintiffs' Complaint as fully as though the same were set forth herein at length. Moreover, all remaining allegations are denied.

43. Denied as stated.

44.     Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

45.     Denied.

46.     Denied.

## COUNT II

47.     Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 46 of plaintiffs' Complaint as fully as though the same were set forth herein at length.  Moreover, all remaining allegations are denied.

48.     Denied as stated.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT III

52.     Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 51 of plaintiffs' Complaint as fully as though the same were set forth herein at length.  Moreover, all remaining allegations are denied.

53.     Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

54.     Denied as to answering defendant.  Moreover, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, they are denied.

55.    Denied.

## COUNT IV

56.    Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 55 of plaintiffs' Complaint as fully as though the same were set forth herein at length.  Moreover, all remaining allegations are denied.

57.    Denied.

### FIRST AFFIRMATIVE DEFENSE

58.    The plaintiffs' claims are barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

59.    The plaintiffs' claims are barred by the Doctrine of Laches, Estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

60.    The plaintiff's contributory negligence was the proximate cause of injuries and damages of which he complains.

### FOURTH AFFIRMATIVE DEFENSE

61.    The plaintiffs' claims are barred by the Doctrine of the Assumption of Risk.

### FIFTH AFFIRMATIVE DEFENSE

62.    The Complaint/Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

63.    Answering defendant is immune from liability for any conduct performed in conformance with government specifications.

### SEVENTH AFFIRMATIVE DEFENSE

64.    Answering defendant complied with all applicable Federal, State and other regulations.

### EIGHTH AFFIRMATIVE DEFENSE

65.    Answering defendant is immune from liability from any conduct performed in conformance with specifications mandated by plaintiff's employer.

### NINTH AFFIRMATIVE DEFENSE

66.    Answering defendant is not liable for the alleged intentional torts of any of its predecessors-in-interest.

### TENTH AFFIRMATIVE DEFENSE

67.    This action is barred by the Doctrine of <u>forum non conveniens</u>.

### ELEVENTH AFFIRMATIVE DEFENSE

68.    This action is barred by the Doctrine of sophisticated purchasers/employer.

### TWELFTH AFFIRMATIVE DEFENSE

69.    The claims asserted by plaintiffs are proximately caused by an intervening and/or superseding cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

70.    At all relevant times hereto, the knowledge of other persons and business entities, and the ability of such persons and business entities to take actions to prevent the injuries of which the plaintiff complains was superior to that of answering defendant and, therefore, any duty to warn the plaintiff was on those other persons and business entities and not on answering defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

71.    The failure of the purchaser or employer to warn or safeguard the plaintiff from any possible health hazards associated with asbestos was an intervening and/or superseding cause of the plaintiff's alleged injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

72.    The plaintiff misused the asbestos-containing products described in his Complaint/Amended Complaint, and that misuse proximately caused or contributed to the injuries and damages of which he complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

73.    Answering defendant has no knowledge of the dangerous propensities of the material allegedly causing the injuries to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

74.    The alleged incident, injuries and damages of which the plaintiffs complain were caused by unauthorized, unintended or improper use of the products complained of and as a result of the failure to exercise reasonable and ordinary care, caution, or vigilance for which answering defendant was not legally liable or responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

75.    Strict liability is not the law of Delaware.

### NINETEENTH AFFIRMATIVE DEFENSE

76.    The plaintiffs are estopped from proceeding with the causes of action alleged in their Complaint/Amended Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

77.    The Complaint/Amended Complaint fails to specify any willful or wanton conduct on the part of answering defendant and, therefore, all claims and references to the recovery of punitive damages in the Complaint/Amended Complaint must be stricken.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78.    The Complaint/Amended Complaint fails to specifically state the items of special damages claimed as required by Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the Complaint/Amended Complaint must be stricken.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79.    The Complaint/Amended Complaint fails to allege with specificity any acts, actions or conduct on the part of the answering defendant which constitutes negligence, fraud or conspiracy as required by Rule 9, and therefore, all claims and/or damages based on the allegations of negligence, fraud or conspiracy must be stricken.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

80.     The plaintiffs' claim for punitive damages is barred by the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Delaware.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

81.     The plaintiffs' claims for punitive damages are barred by the Fifth Amendment to the United States Constitution as applied to the State through the Fourteenth Amendment and the Constitution of the State of Delaware.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

82.     Plaintiffs failed to give proper and timely notice of their claims and all claims relating to breach of warranty are barred by reason of plaintiffs' failure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

83.     If any products were supplied by answering defendant, which is denied, those products were safe, fit and suitable for their proper and intended use.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

84.     Answering defendant extended no warranties, express or implied, and denies that any warranties were breached.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

85.     In the event exposure of any plaintiffs to any product supplied by answering defendant is found to have occurred, such exposure was de minimums and not sufficient to establish by a reasonable degree of probability that a product supplied by answering defendant caused any alleged injury.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

86.     This Honorable Court lacks jurisdiction over the person of answering defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

87.     This Honorable Court lacks jurisdiction over the subject matter of plaintiffs' claims.

## CROSSCLAIM FOR CONTRIBUTION

While the answering defendant denies liability in all aspects, it avers alternatively that should it be found liable in any respect, it is entitled to contribution from each co-defendant for any amount which the answering defendant may be required to pay to the plaintiffs and it is entitled to have the relative degrees of fault determined in accordance with Title 10, Chapter 63, of the Delaware Code.

## CROSSCLAIM FOR INDEMNIFICATION

In the alternative, answering defendant seeks full indemnification from each co-defendant.

## ANSWER TO ALL PAST, PRESENT AND FUTURE CROSSCLAIMS

Answering defendant denies the allegations of any crossclaims for which have been filed or may in the future be filed by any co-defendant and demands that such crossclaims be dismissed.


MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

/s/ Gary H. Kaplan

GARY H. KAPLAN - ID# 2965
1220 N. Market Street, 4th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
(302) 552-4321
Attorney for Defendant,
  Garlock Sealing Technologies, LLC

15/632000.v1

**EXHIBIT D**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LISA DEWEY, individually, as wrongful
death heir and as successor-in-interest to
Jessee Dewey, deceased; and KATHERINE
BROWN, as legal heir of Jessee Dewey,
deceased,

          Plaintiffs,

    v.

ASBESTOS DEFENDANTS,

          Defendants.

_____/

No. C-04-4645 MMC

**ORDER DENYING PLAINTIFFS' MOTION
TO REMAND; VACATING HEARING**

(Docket No. 9)

    Before the Court is the motion filed November 22, 2004 by plaintiffs Lisa Dewey and

Katherine Brown to remand the above-titled action to state court.  Defendant Bell Helicopter

Textron Inc. ("Bell") has filed opposition, to which plaintiffs have replied.  Having considered

the papers filed in support of and in opposition to the motion, the Court finds the matter

appropriate for decision without oral argument, <u>see</u> Civil L.R. 7-1(b), and hereby VACATES

the January 7, 2005 hearing.  For the reasons set forth below, the motion is DENIED.

BACKGROUND

    The instant action asserts various state law claims seeking damages for the

allegedly asbestos-related death of Jessee Dewey ("Dewey"), who died on September 6,

2003.  Dewey was the spouse of plaintiff Lisa Dewey, and the father of plaintiff Katherine

Brown.  Plaintiffs allege that Jessee Dewey was exposed to asbestos partly as a result of

his work as a gunner's mate and trainee in the United States Navy from 1956 through

1960, and as a military aircraft electrician and mechanic from 1964 through 2001.  (See

Compl. Ex. A.)  The causes of action asserted against Bell are (1) negligence – survival, (2)

products liability – survival, (3) false representation, (4) loss of consortium, (5) negligence –

wrongful death, and (6) products liability – wrongful death.  The action was filed September

2, 2004 in the California Superior Court for the City and County of San Francisco.

On November 2, 2004, defendant Bell removed the action to federal court, pursuant

to 28 U.S.C. § 1442(a)(1).  Bell alleges, in its notice of removal, that plaintiffs provided

discovery responses stating that Dewey had been exposed to asbestos as a result of his

work on Bell UH-1 and UH-1H military helicopters.  (See Notice of Removal ¶ 4.)  Bell

further alleges therein that all such helicopters were manufactured and delivered by Bell to

the United States, under the control and direction of federal officers, pursuant to contracts

and specifications mandated by the United States and that, accordingly, Bell is entitled to

remove the action under the federal officer removal statute. § 1442(a)(1).  (See id. ¶¶ 4-5.)

**OBJECTIONS TO EVIDENCE**

**A. Bell's Objections**

Bell objects, on grounds of hearsay, to the exhibits to the Declaration of Nancy B.

Thorington ("Thorington"), which consist of printouts of material about Bell helicopters

obtained from various internet sites.  The Court agrees that, in general, this material is

inadmissible hearsay, as the printouts are offered for the truth of the matters asserted

therein concerning the history of the Bell UH-1 and UH-1H helicopters.  An exception is the

last page attached to the Thorington declaration, Exhibit G, which is a description of the

Bell 210 helicopter as obtained from Bell's own website.  The Court considers any such

statements therein to be admissible as admissions of a party opponent.

With respect to the remainder of the material in question, Thorington does not

purport to have any personal knowledge as to the creation of the various websites from

2

1  which the information was obtained, and, thus has not demonstrated that the statements

2  contained therein are admissions of a party opponent or that they are admissible under the

3  business records exception to the hearsay rule or under any other hearsay exception. See,

4  e.g., United States v. Jackson, 208 F.3d 633, 637 (7th Cir. 2000) (finding internet postings

5  to be inadmissible hearsay).

6       Further, the history of Bell helicopters is not the sort of information of which the

7  Court can take judicial notice, as that history is neither generally known within the

8  jurisdiction of this district nor is it "capable of accurate and ready determination by resort to

9  sources whose accuracy cannot reasonably be questioned." See Fed. R. Ev. 201.[1]

10       Accordingly, Bell's objections to Exhibits A through F to the Thorington Declaration

11  are hereby SUSTAINED, and its objection to Exhibit G is OVERRULED.[2]

12       **B. Plaintiffs' Objections**

13       Plaintiffs object to the portions of the Declaration of Stephen K. Brunk that refer to

14  Baker v. Asbestos Defendants, C-04-2066 SBA, and Crowe v. Asbestos Defendants, C-04-

15  3929 TEH. The Court has not found it necessary to rely on any such statements and,

16  accordingly, does not rule herein on their admissibility.

17  //

18  //

19                              **DISCUSSION**

20       **A. Federal Officer Removal**

21

22       [1] Moreover, the Court notes that Bell's witnesses take issue with the accuracy of
numerous statements contained within the printouts submitted by plaintiffs. (See Kaiser

23  Decl. ¶ 7; Wilson Decl. ¶¶ 30-31.)

24       [2] The above-referenced material concerns the question of whether the UH-1 and
UH1-H helicopters were based on commercial helicopters previously made by Bell. Even if

25  the Court admitted all of the disputed evidentiary material, the Court's ruling on the merits
of the motion would remain the same. As discussed below, whether or not Bell based the

26  design of the UH-1 and UH-1H military helicopters on prior commercial helicopter models,
plaintiffs have submitted no evidence that the government did not require the use of

27  asbestos in Bell's military helicopters, and the disputed material submitted by plaintiffs
contains no statements about the use of asbestos, or lack thereof, in Bell's prior

28  commercial helicopters.

                                    3

1    Section 1442(a)(1) provides, in relevant part:

2    (a) A civil action . . . commenced in a State court against any of the following
     may be removed by them to the district court of the United States for the
3    district and division embracing the place wherein it is pending:

4        (1) The United States or any agency thereof or any officer (or any
     person acting under that officer) or the United States or of any agency
5    thereof, sued in an official or individual capacity for any act under color of
     such office . . . .

6

7    28 U.S.C. § 1442(a)(1). To establish federal officer removal jurisdiction, the removing p

8    must (1) demonstrate that it acted under the direction of a federal officer, (2) demonstra

9    causal nexus between the plaintiff's claims and the acts the defendant performed under

10   color of federal office, and (3) raise a colorable federal defense to the plaintiffs' claims. S

11   Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989). Corporate entities are "person:

12   for purposes of § 1442(a)(1). See Winters v. Diamond Shamrock Chemical Co., 149 F.3c

13   387, 398 (5th Cir. 1998).

14       **1. Under Direction of a Federal Officer**

15       A party acts under the direction of a federal officer if the federal officer has "'direct

16   and detailed control'" over that party. See Fung v. Abex Corp., 816 F. Supp. 569, 572

17   (N.D. Cal. 1992) (quoting Ryan v. Dow Chemical Co., 781 F. Supp. 934, 946 (E.D.N.Y.

18   1992)). "This control requirement can be satisfied by strong government intervention and

19   the threat that a defendant will be sued in state court 'based upon actions taken pursuant to

20   federal direction.'" Id. (quoting Gulati v. Zuckerman, 723 F. supp. 353 (E.D. Pa. 1989.)) On

21   the other hand, if the removing party establishes only that "'the relevant acts occurred

22   under the general auspices of' a federal officer, such as being a participant in a regulated

23   industry, [it] is not entitled to a § 1442(a)(1) removal." See id.

24       In their opening brief, plaintiffs argue that Bell is entitled to removal only if it

25   demonstrates that it was under the "direct and detailed control" of a specific federal officer,

26   rather than under the direct control of the United States or a federal agency. Plaintiffs rely

27   primarily on Good v. Armstrong World Industries, Inc., 914 F. Supp. 1125 (E.D. Pa. 1996).

28   At the time that case was decided, however, the Supreme Court had held that removal

                                        4

1  under the federal officer removal statute was not available to the United States or to federal

2  agencies. See International Primate Protection League v. Administrators of Tulane

3  Educational Fund, 500 U.S. 72, 76 (1991). In 1996, Congress enacted the Federal Courts

4  Improvement Act of 1996, which amended § 1442 to permit removal by the United States

5  and by federal agencies, thereby effectively abrogating the International Primate decision.

6  See Pub. L. 104-317 (1996); see also State of Nebraska ex rel. Department of Social

7  Services v. Bentson, 146 F.3d 676, 678 (9th Cir. 1998) (recognizing change in law).

8  Consequently, there is no longer any reason to preclude removal under § 1442 by parties

9  acting under the direct control of the United States or a federal agency.[3]

10      Bell submits evidence that the United States government had direct control over the

11  design and production of the UH-1 helicopter and its later variants, including the UH-1H.

12  William T. Wilson ("Wilson"), Bell's former Director of Helicopter Contracts, attests:

13      [I]n accordance with Government contract requirements, the Government was
       directly and intimately involved with development and controlled the design of
14     every aspect of the UH-1 helicopter, including without limitation the types of
       materials used in the helicopters. Government representatives closely
15     monitored Bell's work at every step in the design process, and Government
       evaluation and approval had to occur at every step. Bell had little or no
16     leeway in determining the required design of the UH-1 helicopters, including
       the required materials for the component parts.

17

18  (See Wilson Decl. ¶ 18.) Wilson further attests that hundreds of government personnel

19  were present at Bell's plant during the Vietnam war to ensure that Bell's military helicopters

20  were built according to their specifications, and that since the end of the Vietnam war, "the

21  Government has maintained scores of personnel at Bell's plant to ensure that each military

22  helicopter produced by Bell was built according to specifications and designs reviewed and

23  approved by the Government each and every year." (See id. at 19.) Wilson also attests

24  that "[i]f Bell failed to manufacture military UH-1 helicopters in strict compliance with

25  Government specifications, Bell was subject to a variety of penalties under United States

26  law, including civil and criminal sanctions" and that "Bell was not permitted to change

27

28      [3] Plaintiffs did not address the issue in their reply.

5

1  specifications in any way without the express authorization of the government." (See id.

2  ¶ 20.) According to Wilson:

> The Government accepted all UH-1 helicopters from Bell pursuant to a form
> DD-250 "Materials Inspection and Receiving Report." The Government's
> authorized signature on the form indicated that each helicopter "conformed to
> the contract except as noted [t]herein on supporting documents." This final
> inspection and acceptance of each aircraft was the last step in the exhaustive
> inspection process that the Government implemented throughout the design,
> manufacture, assembly, and packaging process.

7  (See id. ¶ 24.) Wilson expressly attests that the UH-1H was "subject to the same

8  Government design approval requirements as were the predecessor HU-1 and UH-1

9  models." (See id. ¶ 8.)

10         The Court finds that Bell has adequately demonstrated that it acted under the

11  direction of a federal officer in manufacturing the UH-1 and UH-1H helicopter. See, e.g.,

12  Fung, 816 F. Supp. at 572-73 (finding government contractor acted under direction of a

13  federal officer where government monitored contractor's performance at all times and

14  required contractor to construct vessels in accordance with approved specifications

15  incorporated into contracts).

16              **2. Causal Nexus**

17         In order to demonstrate a causal nexus between plaintiffs' claims and the acts Bell

18  performed under color of federal office, Bell must show that the state court action "has

19  arisen out of the acts done by [it] under color of federal authority and in enforcement of

20  federal law, and [it] must by direct averment exclude the possibility that it was based on

21  acts or conduct of his not justified by his federal duty." See Mesa, 489 U.S. at 131-32

22  (quoting Maryland v. Soper (No. 1), 270 U.S. 9, 33 (1926)). This Court and other courts in

23  this district have held that the "causal nexus" requirement is met is an asbestos case when

24  the defendant's use of asbestos in the particular product at issue was compelled by the

25  government rather than being an independent choice of the defendant. See, e.g.,

26  Groombridge v. Asbestos Defendants, C-00-1654 MMC, slip op. at 3-4 (N.D. Cal. June 23,

27  2000); Pippins v. Asbestos Defendants, C-00-1356 WHA, slip op. at 3-4 (N.D. Cal. June 20,

28  2000); Pippins v. Atlas Turner, Inc., C-03-3006 WHA, slip op. at 2-4.

6

1    Wilson attests that in the specifications for the XH-40 helicopter, a predecessor to

2 the UH-1 and UH-1H, the United States Air Force required "the use of asbestos in certain

3 seals and gaskets on the stainless steel enclosure that the Government mandated for the

4 engine compartment" in order to prevent any fire in the engine compartment from

5 spreading to the passenger compartment. (See Wilson Decl. ¶ 4.) According to Wilson,

6 the "Detail Specifications"[4] provided by the government for the UH-1 helicopter

7 incorporated a multi-page list of military specifications, known as "mil specs," which

8 "described the characteristics for helicopter parts containing asbestos as required by the

9 Detail Specifications." (See id. ¶ 10.) Wilson further attests:

10       [T]he Government mandated the use of asbestos by Bell in the manufacture
         of UH-1 helicopters to which plaintiffs' decedent in this case was allegedly
11       exposed. Bell had no discretion in its use of asbestos in those helicopters.
         Had Bell refused to follow Government mandated use of asbestos in those
12       helicopters, it would have been subject to numerous civil and criminal
         penalties.

13

14 (See id. ¶ 29.)

15    Plaintiffs argue that Wilson lacks personal knowledge about the development of the

16 UH-1 helicopter. Plaintiffs point out in their reply that Wilson's statement that he worked for

17 Bell for "more than 32 years before retiring in 2001," (see Wilson Decl. ¶ 1), suggests that

18 he began working for Bell in approximately 1969, long after the UH-1 helicopter was

19 developed. According to Wilson, the HU-1B helicopter was redesignated as the UH-1B in

20 the early 1960s. (See Wilson Decl. ¶ 7.) Plaintiffs argue that Wilson thus lacks personal

21 knowledge of the development of the UH-1 helicopter. Wilson attests, however, that prior

22 to working for Bell, he served as Contracting Officer for the Aeronautical Systems Division

23 of the United States Air Force ("USAF"). (See id. ¶ 1.) Wilson attests that he is "thoroughly

24 familiar with the details of contracting for and developing the UH-1" as a result of his

25 experience at the USAF and Bell. (See id.) Wilson also attests that he participated in

26 _____

27    [4] According to Wilson, the Detail Specifications set forth, among other things, "the
requirements for the aircraft's speed, structural maneuver characteristics, crash load
factors, landing characteristics, and other performance and operations criteria." (See
28 Wilson Decl. ¶ 9.)

7

1    numerous conferences between Bell and United States military representatives dedicated

2    to reviewing design specifications and details of the UH-1 series military helicopters.  (See

3    id.)  Plaintiffs submit no evidence to the contrary.  The Court finds that Wilson has

4    adequately demonstrated his personal knowledge of the events about which he testifies in

5    his declaration.

6         Plaintiffs also note that Bell has submitted no documentation supporting its claim

7    that the United States government required the use of asbestos in the UH-1 and UH1-H

8    helicopters.  Although such documentation would add evidentiary weight to Bell's

9    contention that the government required Bell to use asbestos in the manufacture of UH-1

10   helicopters, the Wilson declaration alone is sufficient, in the absence of any evidence to the

11   contrary, to establish that the government required Bell to use asbestos in the manufacture

12   of the UH-1 helicopter.  (See Wilson Decl. ¶ 29.)

13        Finally, plaintiffs argue that if the UH-1 and UH1-H helicopters were based on prior

14   commercial helicopter models made by Bell, and Bell used asbestos in such commercial

15   models, Bell would not be able to show that the government required the use of asbestos in

16   the military helicopters Bell manufactured.  As discussed above, however, Bell has

17   submitted evidence that the government required Bell to use asbestos in the UH-1 and

18   UH1-H helicopter, (see Wilson Decl. ¶ 29), and Bell's witnesses attest that the UH-1

19   helicopter was not based on Bell's prior commercial helicopter models, but rather "was an

20   original and completely new design built to specifications of the USAF" that had "no

21   predecessor civilian counterparts."  (See Kaiser Decl. ¶ 7; see also Wilson Decl. ¶¶ 30-31.)

22   Even if the Court assumes that the UH-1 and UH1-H helicopters were based on Bell's prior

23   commercial helicopter models, plaintiffs have submitted no evidence that those models

24   used any asbestos parts, much less that they used the same asbestos parts as did the

25   UH-1 and UH1-H helicopters.

26        Accordingly, the Court finds that Bell has adequately demonstrated that its use of

27   asbestos in the UH-1 and UH-1H helicopters was mandated by the government and, thus,

28   Bell has satisfied the "causal nexus" requirement for removal under § 1442(a)(1).

### 3. Colorable Federal Defense

The final requirement necessary for removal under § 1442(a)(1) is the assertion of a colorable federal defense. The removing party need not demonstrate that its federal defense is meritorious in order to establish federal officer jurisdiction; it need only raise a colorable federal defense. See Fung, 816 F. Supp. at 572 (citing Mesa, 489 U.S. at 128).

Bell asserts the "military contractor defense," pursuant to Boyle v. United Technologies Corp., 487 U.S. 500 (1988). The military contractor defense is a federal defense that can provide a basis for removal under § 1442(a)(1). See Winters, 149 F.3d at 400-01.

In Boyle, the Supreme Court held that "[l]iability for design defects in military equipment cannot be imposed [on military contractors], pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." See id. at 512. Under the first prong, "the design feature in question" must have been considered "by a Government officer, and not merely by the contractor itself." See id. "Where the goods ordered by the military are those readily available, in substantially the same form, to commercial users, the military contractor defense does not apply." See In re Hawaii Asbestos Cases, 960 F.2d 806, 811 (9th Cir. 1992). "[S]tripped to its essentials," the Ninth Circuit has noted, "the military contractor's defense under Boyle is to claim, 'The Government made me do it.'" See id. at 813.

As set forth above, Bell has submitted evidence that the United States government set forth detailed specifications for the helicopters Bell built, mandated the use of asbestos in those helicopters, and granted Bell no discretion in its use of asbestos in those helicopters. (See Wilson Decl. ¶¶ 9-10, 29.) Bell has submitted evidence that its UH-1 and UH-1H helicopters were created exclusively for military use and were not based on preexisting civilian helicopter models. (See id. ¶¶ 30-31.) Bell has submitted evidence that government personnel were stationed at Bell's manufacturing plant to ensure that Bell's

9

1 military helicopters were built according to specifications and designs approved by the
2 government, and approved each helicopter, in writing, as it was delivered to the
3 government. (See id. ¶¶ 18-19, 23-24.) In addition, Bell has submitted evidence that "Bell
4 was not a manufacturer of asbestos, and Bell possessed no knowledge of the dangers, if
5 any, concerning the design, materials, painting, and markings for those helicopters and
6 their component parts which the Government was not already aware of." (See id. ¶ 28.)
7        Accordingly, the Court finds that Bell has adequately asserted a colorable federal
8 defense.
9        **4. All Defendants Need Not Join in Removal**
10       Plaintiffs assert that even if Bell has established all of the elements for federal officer
11 removal, the case nonetheless must be remanded because the other defendants have not
12 joined in Bell's notice of removal. The Ninth Circuit has held, however, that § 1442
13 "represents an exception to the general rule (under §§ 1441 and 1446) that all defendants
14 must join in the removal petition." See Ely Valley Mines, Inc. v. Hartford Accident and
15 Indemnity Co., 644 F.2d 1310, 1315 (9th Cir. 1981). "Since the federal officer is the only
16 one entitled to remove under § 1442, he alone can remove without other defendants joining
17 in the petition, and the entire case is removed to the federal court." Id.
18       **5. Summary**
19       In sum, the Court finds that Bell has adequately set forth each of the elements for
20 federal officer removal, pursuant to 28 U.S.C. § 1442(a)(1).
21       **B. Bell's Request for Sanctions**
22       In its opposition, Bell argues that Rule 11 sanctions should be imposed against
23 plaintiffs, on the ground they knowingly misrepresented the history of the UH-1 helicopter in
24 connection with their motion to remand. The Civil Local Rules of this district require any
25 motion for sanctions, regardless of the source of authority invoked, to be filed as a separate
26 motion. See Civil L.R. 7-8(a). Rule 11 similarly requires a motion for sanctions under that
27 rule to be "made separately from other motions or requests." See Fed. R. Civ. P. 11(c)(1).
28       Accordingly, Bell's request for imposition of Rule 11 sanctions will be denied.

10

CONCLUSION

For the reasons set forth above,

1. Plaintiffs' motion to remand is hereby DENIED.

2. Bell's request for imposition of Rule 11 sanctions is DENIED.

3. Plaintiffs shall serve a copy of this order on all defendants other than Bell.

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: January 3, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

11

**EXHIBIT E**

EFiled: Jun 10 2008 7:05PM EDT
Transaction ID 20190945
Case No. 08C-04-247 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

FREDERICK SEITZ and       :
MARY LOUISE SEITZ, his wife     :      C.A. NO. 08C-04-247 ASB
                               :

       Plaintiffs,           :      Jury of Twelve Demanded
                               :

        v.                :
                               :

ADEL WIGGINS GROUP, *et al.*;     :
                               :

       Defendants.         :

### *ANSWER OF BELL HELICOPTER TEXTRON INC., CESSNA AIRCRAFT RHODE ISLAND, INC., LYCOMING ENGINES, AND TEXTRON INC. TO PLAINTIFFS' COMPLAINT*

Answering defendants, Bell Helicopter Textron Inc., Cessna Aircraft Rhode Island, Inc., Lycoming Engines, and Textron Inc. ("Answering Defendants"), respond to plaintiffs' complaint as follows.

1.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.    Answering Defendants are without knowledge or information sufficient to form a belief as to the as to the truth of the averments contained in this paragraph.

3.    Answering Defendants admit only that the plaintiff Frederick Seitz was employed as a Commercial Regional Marketing Manager at Bell Helicopter, located in Kansas City, Missouri, from approximately 1967 to 1969. As to all the remaining averments, Bell is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

1

5.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9.      Answering Defendants admit only that Bell Helicopter Textron Inc. is a Delaware corporation and that the Corporation Trust Company is its registered agent.

10.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12.     Answering Defendants admit only that Cessna Aircraft Rhode Island Inc. is a Delaware corporation and that The Corporation Trust Company is its registered agent.

13.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

22.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24.   Answering Defendants admit only that Lycoming Engines is a foreign business entity.

25.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

26.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

27.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

29.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

30.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32.     Answering Defendants admit only that Textron Inc. is a Delaware corporation and that its registered agent is The Corporation Trust Company.

33.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

35.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

36.     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied.  As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37 (a)-(c).     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

38.     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

39.     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40.     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

41.     To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT I  NEGLIGENCE

42.     Answering Defendants incorporate their response to the preceding forty one paragraphs as if restated fully herein. Due to plaintiffs' failure to detail the specific averments

5

against Answering Defendants, the requirement that Answering Defendants respond to plaintiffs' choice of law averment is premature and prejudicial to Answering Defendants. For that reason, Answering Defendants reserves the right to assert that any law applies to plaintiffs' specific claims against Answering Defendants. Based on plaintiffs' averments, however, it appears that the laws of Missouri may govern this litigation.

43.    To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny these averments. As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

44.    To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny these averments. As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

45 (a)-(g).    To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny these averments. As

to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

46.     To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied.  To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants specifically deny these averments.  As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

### COUNT II  WILLFUL AND WANTON CONDUCT

47.     Answering Defendants incorporate their responses to the preceding forty six paragraphs as if restated fully herein.  Due to plaintiffs' failure to detail the specific averments against Answering Defendants, the requirement that Answering Defendants respond to plaintiffs' choice of law averment is premature and prejudicial to Answering Defendants.  For that reason, Answering Defendants reserves the right to assert that any law applies to plaintiffs' specific claims against Answering Defendants.  Based on plaintiffs' averments, however, it appears that the laws of Missouri may govern this litigation.

48.     To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied.  To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants specifically deny those averments.  As to all averments not directed to Answering Defendants, Answering Defendants are without

knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

49(a)-(i).    To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied.  To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants specifically deny those averments.  As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

50.    To the extent the averments in this paragraph are directed at Answering Defendants, these averments are specifically denied.  To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants.  To the extent that a response is required, Answering Defendants specifically deny those averments.  As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

51.    To the extent the averments in this paragraph are directed to Answering Defendants, those averments are specifically denied.  As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**COUNT III   STRICT PRODUCT LIABILITY**

52.    Answering Defendants incorporate their responses to the preceding fifty one paragraphs as if restated fully herein.  Due to plaintiffs' failure to detail the specific averments

against Answering Defendants, the requirement that Answering Defendants respond to plaintiffs' choice of law averment is premature and prejudicial to Answering Defendants. For that reason, Answering Defendants reserves the right to assert that any law applies to plaintiffs' specific claims against Answering Defendants. Based on plaintiffs' averments, however, it appears that the laws of Missouri may govern this litigation.

53.    To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny those averments. As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

54.    To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny those averments. As to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

55.    To the extent the averments in this paragraph are directed at Answering Defendants, those averments are specifically denied. To the extent that the averments in this paragraph state legal conclusions, no response is required from Answering Defendants. To the extent that a response is required, Answering Defendants specifically deny those averments. As

to all averments not directed to Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT IV    LOSS OF CONSORTIUM

56.    Answering Defendants incorporate their responses to the preceding fifty five paragraphs as if restated fully herein.  Due to plaintiffs' failure to detail the specific averments against Answering Defendants, the requirement that Answering Defendants respond to plaintiffs' choice of law averment is premature and prejudicial to Answering Defendants.  For that reason, Answering Defendants reserves the right to assert that any law applies to plaintiffs' specific claims against Answering Defendants.  Based on plaintiffs' averments, however, it appears that the laws of Missouri may govern this litigation.

57.    To the extent the averments in this paragraph are directed to Answering Defendants, those averments are specifically denied.  As to all remaining averments, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

Further answering the complaint, Answering Defendants specifically deny all averments not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants are entitled to immunity from Plaintiffs' claims based on the design and manufacture of its products under the Federal common law government contractor defense.  Answering Defendants produced products for the U.S. Government pursuant to reasonably precise specifications approved by the U.S. Government, and the equipment produced conformed to the required specifications.

## SECOND AFFIRMATIVE DEFENSE

The Worker's Compensation Act is the exclusive remedy for an injured employee seeking compensation for an occupational injury, illness or disease. Frederick Seitz was employed by Bell Helicopters (now Bell Helicopter Textron Inc.) in Kansas City, Missouri, as a Commercial Regional Marketing Manager from approximately 1967 to 1969. Frederick Seitz's alleged asbestos exposure occurred within the scope and course of his employment with defendant Bell, and therefore the exclusive remedy for any medical or indemnity loss lies within the Worker's Compensation Act.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants are entitled to immunity from Plaintiffs' claims based on the design and manufacture of their products under the Defense Production Act of 1950. Answering Defendants produced products for the U.S. Government pursuant to reasonably precise specifications approved by the U.S. Government, under contracts entered into pursuant to the Defense Production Act. The equipment produced by Answering Defendants conformed to the required specifications.

## FOURTH AFFIRMATIVE DEFENSE

The federal government has, pursuant to Federal Aviation Act of 1958, as amended, adopted a comprehensive set of safety regulations exclusively governing the design and manufacture of airplanes and their component parts, including engines, and has vested the Federal Aviation Administration with exclusive authority to implement and police compliance with those regulations. Pursuant to such authority, the FAA heretofore certified that the design and manufacture of Answering Defendants' products complied with all applicable safety regulations. As a result, state law concerning the design and manufacture of aviation products

11

including the ones at issue here has been preempted by federal law and regulation and the Plaintiffs' state law claims are therefore barred by the doctrine of federal preemption.

### FIFTH AFFIRMATIVE DEFENSE

Cessna Airline Rhode Island, Inc. is a subsidiary intellectual property holding company and has never manufactured any products in connection with this litigation or otherwise. As such, Cessna Airline Rhode Island, Inc. is not a proper party to this litigation.

### SIXTH AFFIRMATIVE DEFENSE

If the plaintiffs should prove that Frederick or Mary Louise Seitz sustained injuries and damages as alleged, such injuries resulted from acts or omissions on the part of the third parties over whom Answering Defendants had or have no control or right of control.

### SEVENTH AFFIRMATIVE DEFENSE

While Answering Defendants deny the Plaintiffs' allegations of negligence and strict liability, any injury and damages (to the extent that the Plaintiffs may be able to prove such), were the result of intervening and superseding negligence on the part of parties over whom Answering Defendants had or have no control or right of control.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, the agents, servants, and employees of Answering Defendants used proper methods in purchasing, handling, manufacturing, distributing, supplying and designing the asbestos-containing product(s) complained of, and did so in conformity and compliance with the applicable industry standards, practices and procedures, as well as applicable government regulations, available knowledge, state of the art, and research of the scientific and industrial communities.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action for punitive damages is barred because such damages are not recoverable or warranted in this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims seeking exemplary and punitive damages violate Answering Defendants' procedural and substantive Due Process rights provided by the Fifth and Fourteenth Amendments of the United States Constitution and its rights under the Constitution of the State of Delaware, including but not limited to the Excessive Fines clause found in Article I, Section 11, or depending upon the Court's choice of law determination, under the constitution of any state's law which is deemed to apply to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims seeking exemplary and punitive damages violate Answering Defendants' rights to Equal Protection under the law and are otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Allegations by Plaintiff's spouse of mental anguish and pain and suffering are barred because she did not witness a traumatic event or accident, because she has no physical injury, and because any harm suffered was not foreseeable.

### THIRTEENTH AFFIRMATIVE DEFENSE

The aircraft and its component parts were subsequently changed, altered, modified, retrofitted, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Answering Defendants, over whom Answering Defendants had no control or right of control, without Answering Defendants knowledge, consent or advice, and such proximately caused and/or contributed to the events alleged of in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose, including the statute of repose embodied in the General Aviation Revitalization Act of 1994, 49 U.S.C. § 40101 note.

WHEREFORE, Answering Defendants Bell Helicopter Textron Inc., Cessna Aircraft Rhode Island, Inc., Lycoming Engines, and Textron Inc. demand judgment dismissing Plaintiffs' complaint, with prejudice, and awarding Answering Defendants costs and disbursements, and in the event of any judgment over and against Answering Defendants, Answering Defendants, demand judgment, contribution, and indemnity against all co-defendants in accordance with the principles of fault and apportionment, along with costs and disbursements, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

*Of counsel:*                                      SMITH, KATZENSTEIN & FURLOW LLP
M. Douglas Eisler
Ryan Lane Leonard                                  Robert K. Beste, III (No. 3931)
Wilson Elser Moskowitz                             Post Office Box 410
  Edelman & Dicker LLP                             Wilmington, Delaware 19899
Independence Square West                           (302) 652-8400
The Curtis Center, Suite 1130 East                 (302) 652-8405 (facsimile)
Philadelphia, Pennsylvania 19106-3308              rkb@skfdelaware.com
(215) 627-6900
(215) 627-2665 (facsimile)

June 10, 2008June 10, 2008

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frederick Seitz and Mary Louis Seitz, his wife, | Bell Helicopter Textron, Inc.<br>Textron, Inc.<br>Cessna  Aircraft Rhode Island, Inc.<br>Lycoming Engines |
| (b) County of Residence of First Listed Plaintiff    El Paso County, CO<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant    Fairfax County, VA<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION<br>OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys (Firm Name, Address, and Telephone Number)<br>Allen Dale Bowers, Law Offices of Joseph J. Rhoades, 1225 King Street, Suite 1200, P.O. Box 874 Wilmington, DE  19899 (302) 427-9500 | Attorneys (If Known)<br>Robert K. Beste, Smith, Katzenstein & Furlow LLP, The Corporate Plaza, 800 Delaware Avenue, Wilmington, DE 19899, (302) 652-8400 |

## II. BASIS OF JURISDICTION (Place an "✓" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "✓" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "✓" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☒ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

(PLACE AN "✓" IN ONE BOX ONLY)

## V. ORIGIN

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)    Removal pursuant to 28 U.S.C. §§ 1441 and 1442

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $100,000 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☒ Yes    ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S) (See instructions)
IF ANY                                         JUDGE _____          DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| June 11, 2008 | /s/ Robert K. Beste (ID No. 3931) |

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

{08164}

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.        (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b). County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place a "✓" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place a "✓" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below-, federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place a "✓" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. Origin. Place a "✓" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U. S. C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place a "✓" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDERICK SEITZ and<br>MARY LOUISE SEITZ, his wife | : | C.A. No. |
| | : | |
| Plaintiffs, | : | Jury of Twelve Demanded |
| | : | |
| v. | : | |
| | : | |
| ADEL WIGGINS GROUP; AEROJET-<br>GENERAL CORPORATION; AIR COOLED<br>MOTORS; BELL HELICOPTER TEXTRON<br>INC.; THE BOEING COMPANY; CBS<br>CORPORATION (f/k/a Viacom Inc., Successor by<br>merger to CBS Corporation, f/k/a Westinghouse<br>Electric Corporation); CESSNA AIRCRAFT<br>RHODE ISLAND INC.; CURTISS-WRIGHT<br>CORPORATION; FLETCHAIR, INC.;<br>FRANKLIN AIRCRAFT ENGINES, INC.;<br>GARLOCK SEALING TECHNOLOGIES LLC<br>(successor by merger to Garlock, Inc.); GENERAL<br>ELECTRIC COMPANY; GENERAL MOTORS<br>CORPORATION; GOODRICH CORPORATION,<br>A NEW YORK CORPORATION (f/k/a B.F.<br>Goodrich Company); THE GOODYEAR TIRE &<br>RUBBER COMPANY; HAWKER<br>BEECHCRAFT, INC. (f/k/a Raytheon Aircraft<br>Company); HONEYWELL INTERNATIONAL<br>INC. (f/k/a Alliedsignal, Inc., as successor-in-<br>Interest to The Bendix Corporation); IMO<br>INDUSTRIES INC.; LYCOMING ENGINES;<br>NORTHROP GRUMMAN CORPORATION;<br>PARKER-HANNIFIN CORPORATION; PRATT<br>& WHITNEY ROCKETDYNE, INC. (f/k/a Pratt &<br>Whitney Aircraft Company); RAYTHEON<br>COMPANY; ROLLS-ROYCE NORTH<br>AMERICA, INC.; SIKORSKY AIRCRAFT<br>CORPORATION; TELEDYNE CONTINENTAL<br>MOTORS INC., TEXTRON INC.; UNION<br>CARBIDE CORPORATION; UNITED<br>TECHNOLOGIES CORPORATION; VOUGHT<br>AIRCRAFT INDUSTRIES, INC., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I certify that on June 11, 2008, I caused service of a copy of the foregoing Notice of Removal, Corporate Disclosure Statement, Civil Cover Sheet, Tag-Along Notice, and this Certificate of Service, on the following counsel of record and parties in the corresponding state court action, by mail:

Christian J. Singewald, Esquire
White & Williams
824 Market Street, Suite 902
Wilmington, Delaware 19801-4938

Beth Valocchi, Esquire
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
Wilmington, Delaware 19801

Loreto P. Rufo, Esquire
Rufo Associates, P.A.
7217 Lancaster Pike, Suite 4
Hockessin, Delaware 19701

Gary H. Kaplan, Esquire
Armand J. Della Porta, Esquire
Ana Marina McCann, Esquire
Marshall Dennehey Warner
  Coleman & Goggin
1220 North Market Street, 5th Floor
Post Office Box 8888
Wilmington, Delaware 19899-8888

Lynne M. Parker, Esquire
Hollstein Keating Cattell
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, Delaware 19801

Daniel M. Silver, Esquire
Noriss E. Cosgrove, Esquire
McCarter & English, LLP
405 North King Street, 8th Floor
Post Office Box 111
Wilmington, Delaware 19899

J. Michael Johnson, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Post Office Box 588
Wilmington, Delaware 19899-0588

Jeffrey S. Marlin, Esquire
Megan T. Mantzavinos, Esquire
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, Delaware 19801

Penelope B. O'Connell, Esquire
Elzufon Austin Reardon Tarlov
  & Mondell, P.A.
300 Delaware Avenue, Suite 1700
Post Office Box 1630
Wilmington, Delaware 19899-1630

Allen Dale Bowers, Esquire
Law Offices of Joseph J. Rhoades
1225 King Street, Suite 1200
Post Office Box 874
Wilmington, Delaware 19899

Air Cooled Motors
94 Hale Drive
Walterboro, South Carolina 29488

CURTIS-Wright Corporation
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

08164COS\0045824.WPD

Goodrich Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware  19808

Paul A. Bradley, Esquire
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Post Office Box 288
Wilmington, Delaware  19899

Adel Wiggins Group
Attn: Officer/Agent
5000 Triggs Street
Los Angeles, California  90022

Aerojet General Corporation
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware  19801

FletchAir, Inc.
118 FM 1621
Comfort, Texas  78013-3425

Franklin Aircraft Engines, Inc.
136 Racquette Drive
Ft. Collins, Colorado  80524

Rolls Royce North America, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware  19808

SMITH, KATZENSTEIN & FURLOW LLP

_____ /s/ Robert K. Beste_____
Robert K. Beste, III  (No. 3931)
Post Office Box 410
Wilmington, Delaware  19899
(302) 652-8400
(302) 652-8405 (facsimile)
rkb@skfdelaware.com

-3-

08164[COS] 6045924.WPD