IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| FREDERICK SEITZ and MARY LOUISE SEITZ, his wife, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Case No. 08-CV-00351 GMS Case No. 08-CV-00353 GMS |
| -vs. | ) ) | |
| ADEL WIGGINS GROUP, et al., | ) ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT PARKER HANNIFIN CORPORATION**

Defendant Parker Hannifin Corporation ("Parker") by its attorneys, McCarter & English, LLP, by way of answer to the Complaint herein says:

Defendant Parker Hannifin Corporation (hereinafter, "Parker Hannifin"), by and through its attorneys, hereby answers Plaintiffs' Complaint:

1.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint, and they are therefore denied.

2.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint, and they are therefore denied.

3.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint, and they are therefore denied.

4. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint, and they are therefore denied.

5. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint, and they are therefore denied.

6. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint, and they are therefore denied.

7. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint, and they are therefore denied.

8. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint, and they are therefore denied.

9. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint, and they are therefore denied.

10. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint, and they are therefore denied.

11. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint, and they are therefore denied.

12. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint, and they are therefore denied.

13. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint, and they are therefore denied.

14. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint, and they are therefore denied.

15. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the Complaint, and they are therefore denied.

16. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint, and they are therefore denied.

17. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint, and they are therefore denied.

18.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint, and they are therefore denied.

19.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the Complaint, and they are therefore denied.

20.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint, and they are therefore denied.

21.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the Complaint, and they are therefore denied.

22.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Complaint, and they are therefore denied.

23.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the Complaint, and they are therefore denied.

24.  Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint, and they are therefore denied.

25. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint, and they are therefore denied.

26. Admitted.

27. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint, and they are therefore denied.

28. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the Complaint, and they are therefore denied.

29. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Complaint, and they are therefore denied.

30. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Complaint, and they are therefore denied.

31. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the Complaint, and they are therefore denied.

32. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the Complaint, and they are therefore denied.

ME1 7525045v.1

33. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 of the Complaint, and they are therefore denied.

34. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the Complaint, and they are therefore denied.

35. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 35 of the Complaint, and they are therefore denied.

36. The allegations in Paragraph 36 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 36 of the Complaint, and they are therefore denied.

37(a-c). The allegations in Paragraph 37 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the Complaint, and they are therefore denied.

38. The allegations in Paragraph 38 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a

ME1 7525045v.1

belief as to the truth of the averments contained in Paragraph 38 of the Complaint, and they are therefore denied.

39. The allegations in Paragraph 39 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 39 of the Complaint, and they are therefore denied.

40. The allegations in Paragraph 40 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 40 of the Complaint, and they are therefore denied.

41. Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 41 of the Complaint, and they are therefore denied.

## **COUNT I - NEGLIGENCE**

42. Parker Hannifin incorporates its responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein. Paragraph 42 of the Complaint states a legal conclusion and, therefore, no response as to the applicable law is required.

43. The allegations in Paragraph 43 of the Complaint are denied to the extent they are directed at Parker Hannifin. To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a

belief as to the truth of the averments contained in Paragraph 43 of the Complaint, and they are therefore denied.

44.    The allegations in Paragraph 44 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the Complaint, and they are therefore denied.

45(a-g).    The allegations in Paragraph 45 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 45 of the Complaint, and they are therefore denied.

46.    The allegations in Paragraph 46 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 46 of the Complaint, and they are therefore denied.

## COUNT II - WILLFUL, WANTON AND RECKLESS CONDUCT

47.    Parker Hannifin incorporates its responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.  Paragraph 47 of the Complaint states a legal conclusion and, therefore, no response as to the applicable law is required.

48.    The allegations in Paragraph 48 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other

than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 48 of the Complaint, and they are therefore denied.

49(a-i).  The allegations in Paragraph 49 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 49 of the Complaint, and they are therefore denied.

50.  The allegations in Paragraph 50 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 of the Complaint, and they are therefore denied.

51.  The allegations in Paragraph 51 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 51 of the Complaint, and they are therefore denied.

**COUNT III - STRICT PRODUCT LIABILITY**

52.  Parker Hannifin incorporates its responses to Paragraphs 1 through 51 of the Complaint as if fully set forth herein.  Paragraph 52 of the Complaint states a legal conclusion and, therefore, no response as to the applicable law is required.

53.     The allegations in Paragraph 53 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 53 of the Complaint, and they are therefore denied.

54.     The allegations in Paragraph 54 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 54 of the Complaint, and they are therefore denied.

55.     The allegations in Paragraph 55 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 of the Complaint, and they are therefore denied.

## **COUNT IV - LOSS OF CONSORTIUM**

56.     Parker Hannifin incorporates its responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.  Paragraph 56 of the Complaint states a legal conclusion and, therefore, no response as to the applicable law is required.

57.     The allegations in Paragraph 57 of the Complaint are denied to the extent they are directed at Parker Hannifin.  To the extent the allegations are directed at Defendants other than Parker Hannifin, Parker Hannifin is without knowledge and information sufficient to form a

belief as to the truth of the averments contained in Paragraph 57 of the Complaint, and they are therefore denied.

**WHEREFORE,** Defendant Parker Hannifin Corporation demands judgment in its favor and against Plaintiffs and that Plaintiffs' Complaint be dismissed with prejudice.

### FIRST AFFIRMATIVE DEFENSE

58.  Plaintiffs lack the requisite capacity, standing and authority to bring this Action.

### SECOND AFFIRMATIVE DEFENSE

59.  Plaintiffs' Complaint fails to state a claim against Parker Hannifin upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

60.  Plaintiffs' causes of action are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

61.  Plaintiffs' causes of action are barred by the applicable statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

62.  Plaintiffs are barred from recovery in this Action on the basis of Plaintiffs' comparative and/or contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

63.  Plaintiffs are barred from recovery in this Action on the basis of Plaintiffs' assumption of the risk.

### SEVENTH AFFIRMATIVE DEFENSE

64.  Plaintiffs are barred from recovery in this Action by the doctrine of *forum non conveniens*.

### EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiffs are barred from recovery in this Action under the principles of the applicable Worker's Compensation statute.

### NINTH AFFIRMATIVE DEFENSE

66. Plaintiffs are barred from recovery in this Action where Parker Hannifin did not and/or could not have known of the dangerous propensities of the materials, if any, which allegedly caused injuries to the Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

67. Plaintiffs are barred from recovery to the extent they failed to join an indispensable party, in whose absence complete relief cannot be accorded and whose absence impedes the ability of Parker Hannifin to protect its interests.

### ELEVENTH AFFIRMATIVE DEFENSE

68. Plaintiffs are barred, in whole or in part, from recovering damages to the extent Plaintiffs have released, settled, entered into accords and satisfaction or otherwise compromised her claims or causes of action.

### TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiffs are barred, in whole or in part, from recovering damages where the Plaintiffs' injuries were caused by an intervening, superseding cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiffs are barred, in whole or in part, from recovering damages where Plaintiffs' injuries were caused by third persons who are not parties to this Action and for whom Parker Hannifin are not responsible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

71. Plaintiffs are barred, in whole or in part, from recovering damages where his co-workers and employers misused, abused, mistreated and misapplied the product designated as asbestos material as alleged in the Complaint. In the event the Court finds - after the trial - that any misuse, abuse, mistreatment or misapplication of said product caused or contributed to the alleged damages or injuries to Plaintiffs, Parker Hannifin requests that the amount of damages, which might be recoverable, be diminished in proportion to the misuse, abuse, mistreatment or misapplication attributed to Plaintiffs, Plaintiffs' co-workers and employers bears to the conduct which caused the alleged damages or injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

72. Plaintiffs are barred, in whole or in part, from recovering damages where Parker Hannifin did not owe a legal duty to Plaintiffs and, therefore, did not commit a breach of any duty of care.

**SIXTEENTH AFFIRMATIVE DEFENSE**

73. Plaintiffs are barred, in whole or in part, from recovering damages where Plaintiffs seek to apply retroactive liability to Parker Hannifin in violation of the Due Process Clause of the United States and Delaware Constitutions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

74. Plaintiffs are barred, in whole or in part, from recovering damages by the doctrine of laches, estoppel and waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

75. Plaintiffs are barred, in whole or in part, from recovering damages where Plaintiffs failed to mitigate her damages.

ME1 7525045v.1

### NINETEENTH AFFIRMATIVE DEFENSE

76.     Plaintiffs have failed to plead her allegations of negligence, fraud and conspiracy with particularity pursuant to Delaware Superior Court Civil Rule 9.

### TWENTIETH AFFIRMATIVE DEFENSE

77.     Plaintiffs have failed to set forth any facts which show any casual relationship between the conduct of any Defendant, including Parker Hannifin as alleged in any "cause of action" set forth in the Complaint.  Moreover, any cause of action, if it existed, was not known, knowable or foreseeable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78.     Plaintiffs have failed to set forth a cause of action - Claim III Strict Liability - recognized in tort by the State of Delaware.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79.     Plaintiffs have failed to specify any willful or wanton conduct on the part of Parker Hannifin and, therefore, all claims for the recovery of punitive damages must be stricken.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

80.     Plaintiffs were not exposed to any product containing asbestos that was manufactured, distributed or sold by Parker Hannifin.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

81.     Parker Hannifin did not supply to Plaintiff's employers the products alleged to have caused the damages, injuries and losses about which the Complaint is made.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

82.     Parker Hannifin complied with all federal, state and/or other regulations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

83.     Parker Hannifin is immune from liability for any conduct performed in conformance with federal and/or state government specifications.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

84.     Parker Hannifin is immune from liability for any conduct performed in conformance with the specifications mandated by the entity or entities that employed Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

85.     Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

86.     Punitive or exemplary damages are not recoverable under Plaintiffs' alleged causes of action.

### THIRTIETH AFFIRMATIVE DEFENSE

87.     Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment, the Eight Amendment and Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

88.     Plaintiffs are not entitled to recover punitive damages based on the allegations set forth in the Complaint.  Parker Hannifin further states that the imposition of punitive damages violates the provisions of the Due Process Clause, Equal Protection Clause, Excess Fines Clause, Double Jeopardy Clause, and other clauses contained in the Constitution of the United States, Delaware and other states.  Further, the correct burden of proof for the imposition of punitive damages is by "clear and convincing evidence" or "beyond a reasonable doubt."  Any lesser

standard violates the provisions of the Due Process Clause of the Constitution of the United States, Delaware and other states.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

89.     Prejudgment interest and attorneys' fees are not recoverable under Plaintiffs' causes of action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

90.     If Plaintiffs settle their claim against any Defendant in this Action before judgment is rendered, then Parker Hannifin is entitled to a setoff or credit against any judgment in Plaintiff's favor.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

91.     All defenses which have been or will be asserted by any co-Defendants in this Action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

92.     Parker Hannifin reserves the right to amend this Answer and to assert additional defenses or to supplement, alter or change this Answer and to assert additional cross-claims or counterclaims upon ascertaining more definite facts during and upon completion of discovery and investigation.

### GENERAL DEFENSE

93.     Parker Hannifin, to the extent applicable, adopts and incorporates herein by reference to each and every affirmative defense to Plaintiff's complaint invoked by any other defendant, that is not specifically enumerated herein and which is not otherwise inconsistent with

the defenses asserted herein and further reserves the right to assert any defense as may be divulged through discovery in this case.

## CROSS CLAIM FOR CONTRIBUTION

94.     While Parker Hannifin denies liability, it avers, alternatively, that should it be found liable, it is entitled to contribution from each co-Defendant for any amount which it may be required to pay to Plaintiffs, and is entitled to have the relative degrees of fault.

## CROSS CLAIM FOR INDEMNIFICATION

95.     Parker Hannifin denies liability to the Plaintiffs, but should liability be found, Parker Hannifin contends that its co-Defendants are primarily liable to the Plaintiffs while it is only secondarily liable.  Thus, Parker Hannifin is entitled to common law and/or contractual indemnification.

## ANSWER TO ALL PAST, PRESENT AND/OR FUTURE CROSS CLAIMS

96.     Parker Hannifin denies all past, present and/or future cross claims asserted against it.

                MCCARTER & ENGLISH, LLP

            By: /s/ Noriss E. Cosgrove_____
               David A. White (Del. Bar ID #2644)
               Noriss E. Cosgrove (Del. Bar ID #4238)
               Renaissance Center
               405 North King Street, 8th Floor
               Wilmington, DE 19801
               (302) 984-6300
               dwhite@mccarter.com
               ncosgrove@mccarter.com
               *Attorneys for Parker Hannifin Corporation*

Dated : July 21, 2008