IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
IN RE: ASBESTOS LITIGATION:              :
                                         :
FREDERICK SEITZ and                      :
MARY LOUISE SEITZ, his wife              :    C.A. No. 08-CV-0351 GMS
                                         :    C.A. No. 08-CV-0353 GMS
         Plaintiffs,                     :
                                         :
         v.                              :
                                         :
ADEL WIGGINS GROUP, et al.,              :
                                         :
         Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

# **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF**
# **PLAINTIFFS' MOTION TO REMAND**

LAW OFFICE OF JOSEPH J. RHOADES
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, New York 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

*Attorneys for Plaintiffs*

{00126045.DOC}

**INTRODUCTION AND SUMMARY OF ARGUMENT**

In their oppositions to Plaintiffs' Motion to Remand, Defendants Northrup Grumman Corporation ("Northrup Grumman") and Bell Helicoptor Textron, Inc. ("Bell") assert that they were prohibited by the United States military from providing any warnings about the hazards of asbestos. However, Defendants do not present the Court with a single government contract, military specification, or any other document prohibiting asbestos warnings. In contrast, Plaintiff's moving papers detail the military specifications that both allowed and required companies, like Northrup Grumman and Bell, to include a warning about asbestos on their products.

The law here is clear: defendants asserting federal officer removal must prove a "causal connection" between the conduct upon which plaintiffs' claims are based (here, failure to warn) and a direct order from a federal officer or specific federal regulations. <u>In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation v. Atlantic Richfield Company</u>, 488 F.3d 112, 124 (2d Cir. 2007). Defendants Northrup Grumman and Bell have not met their substantial burden of proving this causal connection. Further, Defendants have not met their burden of demonstrating a colorable federal defense that would entitle them to federal jurisdiction.

Finally, in light of Mr. Seitz's advanced mesothelioma, Plaintiffs respectfully request that the Court consider this motion in an expedited manner, and remand this case to state court where it will move quickly towards trial.

**A.**     **Defendant Northrup Grumman's Motion to Stay is Moot**

In its Opposition Brief, Northrup Grumman again argues that this Court should stay all proceedings, including a ruling on this Motion to Remand, pending transfer of this case to MDL-875. Northrup Grumman's argument is moot, as the Judicial Panel on Multidistrict Litigation ("JPML") has recognized this Court's authority to decide this Motion to Remand.

1

The JPML issued a Conditional Transfer Order (CTO-312) on July 21, 2008. Plaintiffs filed their Notice of Opposition to CTO-312 on August 5, 2008. Shortly thereafter, the JMPL granted Plaintiffs' Request for an extension of time, up to and including September 22, 2008, to file its Motion to Vacate the Conditional Transfer Order in order to give this Court sufficient time to rule on the remand motion. See Letter to JMPL attached as **Exhibit A**. This extension by the JPML moots Defendant's Motion to Stay Proceedings and recognizes this Court unfettered authority to rule on Plaintiff's Motion to Remand.

**B.    Plaintiffs' Waiver of Claims is Effective and The Court Should Consider Only Plaintiffs' Remaining Failure to Warn Claims**

On July 2, 2008, Plaintiffs filed a Withdrawal of Claims, limiting the scope of their case to state law failure to warn claims. Defendants assert that this Court should ignore this substantive change in the case in order to find federal jurisdiction. The United States Supreme Court disagrees. In Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), the Court stated:

> A federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction…When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction…

Carnegie-Mellon, 484 U.S. at 350. Indeed, "if a federal question is eliminated relatively soon after removal, it is ordinarily preferable to remand the case…and retaining a case after a fresh federal claims is dropped early in litigation may be an abuse of discretion." Sheppard v. Northrup Grumman Systems Corp., 2007 WL 1550992 (E.D.La) at *4. Furthermore, at any stage of the litigation, the Court may *sua sponte* remand the case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Many Courts have followed these principles to permit analysis of federal jurisdiction and remand to state court based on a waiver of claims or amendment to the complaint. See Albertson's,

Inc. v. Carrigan, 982 F.2d 1478 (10th Cir. 1993) (upholding remand of state law claims where federal claims were dismissed under an arbitration clause.); Sheppard, 2007 WL 1550992 (concluding that the amended complaint should be used to determine whether the case will be remanded and granting plaintiffs' motion to remand based on the post-removal amendment.); Westbrook v. Asbestos Defendants, 2001 U.S. Dist. LEXIS 11575 (N.D.Cal.) (holding that plaintiffs' post-removal waiver of federal claims "justifies remand"); Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D. Cal.) (granting motion to remand based, in part, on plaintiffs waiver in writing of all claims relating to design defect.).

Plaintiffs in this case have disclaimed all causes of action except for state law failure to warn claims.[1] Based on the principles set forth above, this Court should examine Plaintffs' motion to remand based only on their remaining state law claims.

## C.    Defendants Bear the Heavy Burden of Proof of Demonstrating that Federal Jurisdiction is Proper and There Is A Strong Presumption Against Removal Jurisdiction

Defendants Northrup Grumman and Bell bear the heavy burden of proving that federal jurisdiction is proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Williams v. General Electric Co., 418 F. Supp.2d 610, 614 (M.D. Pa. 2005).

The purpose of §1442 is to prevent state courts from interfering with the implementation of federal law. Freiberg v. Swinerton & Walberg Prop. Servs, Inc., 245 F. Supp. 2d 1144, 1150 (D.Colo. 2002). "[B]ecause the federal officer removal statute is predicated 'on the protection of *federal* activity and an anachronistic mistrust of state courts' ability to protect and enforce *federal* interests and immunities from suit, private actors seeking the benefit from its provisions bear a special

---

[1] Contrary to Defendants' argument, Plaintiffs are not attempting to waive Defendants' federal defense but rather choosing which of their causes of action to pursue. Defendants may now attempt to apply their defense to the remaining causes of action – that is, to invoke federal jurisdiction, Defendants must prove that the federal officer defense applies to Plaintiffs' state law failure to warn claims.

burden of establishing the official nature of their activities.'" Williams, 418 F. Supp.2d at 614 (quoting Freiberg, 245 F. Supp.2d at 1150) (emphasis in original); see also N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 403 (D.N.J. 2005). Thus, a private company such as Northrop Grumman or Bell faces an even tougher standard for removal than would a government employee or entity. "[T]he government contract defense by a corporation raises straightforward common law issues that state courts are as adept at handling as the federal judiciary." Good v. Armstrong World Industries, Inc., 914 F. Supp. 1125, 1130 (E.D. Pa. 1996). Not to be taken lightly, removal under §1442 is "an exceptional procedure which wrests from state courts the power to try [cases under] their own laws. Thus the requirements of the showing necessary for removal are strict." Screws v. United States, 325 U.S. 91, 111-112 (1945). Furthermore, when a case is removed to federal court, there is a "strong presumption" against federal court removal jurisdiction. Gaus., 980 F. 2d at 566. "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

**D.    Defendants Have Failed to Meet their Burden of Proof**

Defendants Northrup Grumman and Bell have failed to meet their burden of proof in demonstrating that federal jurisdiction is proper because they have not – and cannot – demonstrate (i) that there is a "causal connection" between defendants' actions under color of federal office and the plaintiffs' claims and (ii) that defendants have a colorable federal defense.

**I.    Defendants Have Failed to Establish A "Causal Connection" Between Their Failure to Provide Asbestos Warnings and Any Military Order or Specification**

Neither Northrup Grumman nor Bell has established in their opposition papers that there is a "causal connection" between their failure to warn Mr. Seitz of the hazards of asbestos and any

military specification or order. Since neither has met their burden of proof on this essential element, their claim to federal jurisdiction must fail and this case must be remanded.

A corporation, such as Northrop Grumman or Bell, that removes a case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), must establish, inter alia, "that it was 'acting under' a federal officer, which subsumes the existence of a 'causal connection' between the charged conduct [here, failure to warn] and asserted official authority." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation v. Atlantic Richfield Company, 488 F.3d 112, 124 (2d Cir. 2007). In the context of an asbestos lawsuit based on a failure to warn claim, the defendant must show either that asbestos warnings were prohibited by the military or that the military directly interfered with the defendant's ability to fulfill its state law obligation to warn. See, e.g., Megill v. Worthington Pump, Inc., 1999 U.S.Dist. LEXIS 4433, *8 (D. Del. Mar. 26, 1999) Moreover, if the defendants could have "simultaneously complied with the [Navy] contractual obligations and the state law duty to warn", then "the plaintiff's harms were not caused by the defendants' contractual responsibilities." Hilbert v. McDonnell Douglas Corp., 529 F. Supp.2d 187, 203 (D. Mass. 2008) (emphasis added).

As set forth in detail below, neither Northrup Grumman nor Bell established this "causal connection" because they have not presented any admissible evidence that the military prohibited or directly interfered with their state law obligation to warn. Therefore, the "causal connection" required by 28 U.S.C. §1442(a)(1) has not been established and this case must be remanded. Accord, Megill, 1999 U.S.Dist. LEXIS 4433, *8 (case remanded; "there is no casual connection between plaintiffs' claims and the conduct performed under color of a federal office."); Hilbert, 529 F. Supp.2d at 203 (case remanded; "defendants failed to show causal nexus between their contractual obligations and the plaintiffs' alleged injury"); Fortier v. Ampco-Pittsburgh Corp. et al., 3:07-cv-00005 (D.Conn. Mar. 5, 2007) (case remanded; "Defendants... were free to include warning not dictated by the Navy"); Vanouwerkerk v. Owens-Corning Fiberglass Corp., 1999 WL 335960, *7

5

(E.D.Tex. May 26, 1999) (case remanded; "the federal government provided no direction or control on warnings when using asbestos").

      a.    **Northrup Grumman Has Not Presented Any Admissible Evidence of a "Causal Connection"**

Northrup Grumman offers declarations of John F. DeBois and Christopher Knott in support of their opposition. Neither declarant has personal knowledge of the relevant facts of this case, and both declarations should be stricken.

John DeBois began working for Northrup Grumman in approximately the mid-1970s, after Mr. Seitz's military career was complete. See DeBois Declaration ¶ 1. DeBois discusses at length the NAVAIR system of command with which he is familiar. See DeBois Declaration ¶ 5 -9. According to DeBois himself, NAVAIR was not established until 1966, DeBois Declaration ¶5, just one year before Mr. Seitz retired from the military. Similarly, Chistopher Knott began working for Grumman Corporation in 1984, almost twenty years after Mr. Seitz final claimed exposure to a Northrup Grumman product. See Knott Declaration ¶ 2. Knott claims "personal knowledge of historical procedures relating to Grumman's production of aircraft", Knott Declaration ¶ 3, without even attempting to explain how he gained personal knowledge of events that occurred before he even joined Northrup Grumman. These declarations are clearly overreaching in their scope and do not shed light on events occurring while Mr. Seitz was in the military.

Even if DeBois had knowledge of the relevant time period during which Mr. Seitz worked with and around planes manufactured by Northrup Grumman, he does not provide support for his blanket assertions concerning Northrup Grumman's alleged inability to warn Mr. Seitz of the hazards of asbestos. DeBois states, "All warnings that would be used in conjunction with any products made for the U.S. military were provided by the military. Grumman was not permitted to add any warnings for military aircraft that were not provided by the United States." DeBois Declaration ¶ 28. DeBois makes this bald assertion with no factual or documentary support

whatsoever. It is a statement apart from and unrelated to the rest of his declaration, which concerns the specifications for construction and overhaul of planes. Knott's declaration does not even mention the issue of warnings.

Almost identical affidavits from the same corporate representatives were stricken as irrelevant in Hilbert v. McDonnell Douglas Corp., 529 F. Supp. 2d 187 (D.Mass. 2008). With regard to the specific language regarding warnings, nearly identical to the language in the Declarations in this case, the Hilbert Court stated that "neither [DeBois nor Knott] cites contractual or regulatory language to support his position…. [and] neither cites to any reason to believe that the government would have rejected asbestos warnings." Hilbert, 529 F. Supp. 2d at 201.

After discussing the affidavits and other proofs offered by Defendants in support of remand, the Court held:

> On review of the evidence, there is simply no basis upon which the Court can conclude that a conflict existed between the federal contracts and the defendants' state-law duty to warn. The defendants do not submit any non-testimonial evidence, i.e. citations to regulations or contracts, of the government's alleged control over the warnings. Indeed, despite the affiants' claim to have "reviewed numerous . . . government contracts during the time period of 1955 through the present," [citations omitted], the defendants fail to cite any- contractual or regulatory language supporting their position, or to provide any military specifications bearing on the substance of the warnings to be provided. [citation omitted]. Although they claim that the government dictated the text of non-asbestos warnings, they do not offer proof of that process.

Hilbert, 529 F. Supp. 2d at 202.

The evidence presented by Northrop Grumman in this case is identical to that presented in the Hilbert case – that is, no relevant evidence of any prohibition on warnings and, therefore, no relevant evidence of any causal connection between Northrup Grumman's failure to warn and any federal directive.

  b. **Bell Has Not Presented Any Admissible Evidence of a "Causal Connection"**

Bell also relies on declarations of two corporate representatives, and Bell's efforts similarly fail to yield any admissible evidence of a "causal connection" between Bell's failure to warn Mr. Seitz of the hazards of asbestos and any federal directive. These declarations, like those submitted by Northrup Grumman, should not be considered.

Bell submits the Declaration of William T. Wilson. First, Bell does not even attempt to relate this declaration to the present case. Indeed, the caption references an entirely different litigation in a different forum. Furthermore, Wilson does not have personal knowledge of the relevant time period during which Mr. Seitz served in the military, as Wilson did not begin working for Bell until approximately 1969, Wilson Declaration ¶ 2, two years after Mr. Seitz retired from the military. Furthermore, Wilson does not mention the issue of warnings. Bell also relies on the Declaration of Edward Owen Kaiser, signed in connection with a different case. Kaiser's declaration, too, does not mention the issue of warnings. Therefore, Bell has put forth no evidence tending to show a causal connection between Bell's failure to warn and any federal directive.

Even with regard to the other issues discussed in these declarations, specifications for construction of helicopters, these declarations would still be inadmissible because neither witness has identified any specific document or specific instances (e.g., a specific meeting or discussion) that form the "objective bases" of their opinions. See United States v. Garcia, 291 F.3d. 127, 140 (2nd Cir. 2002) ("When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of [Federal] Rule [of Evidence] 701…because there is no way for the court to assess whether it is rationally based on the witness's perceptions."). To the extent that Wilson or Kaiser could be deemed to be giving expert opinions, their statements would also be inadmissible because they have not identified "sufficient facts or data" – indeed, neither has identified a single document or specific event – to support their

opinions. Fed. R. Evid. 702. Rather, their opinions are "speculative and not supported by a sufficient evidentiary foundation." Estate of Radcliffe v. Pradera Realty Co., 2008 WL 53115 (S.D.N.Y. 2008) (excluding expert opinion from consideration on summary judgment). Accord, See Snowdon v. A.W. Chesterton Co., 366 F.Supp. 2d 157, 165 (D. Me. 2005) (affidavit submitted by removing defendant "which simply describes the content of the regulations and specifications is, in the absence of the documents themselves, nothing more than hearsay and is not entitled to any weight"); Westmiller v. IMO Industries, Inc., 2005 WL 2850334, *1 (W.D.Wash)(striking statements in affidavit; "Absent the actual specifications, [the witnesses'] conclusory statements about what the specifications would have stated amount to mere speculation and are not admissible"); Green v. A.W. Chesterton Company, et al., 366 F.Supp.2d 149, 157 (D.Me. 2005).

The entire lack of evidence presented by Bell demonstrates that Bell cannot demonstrate a "causal connection" between Bell's failure to warn Mr. Seitz of the hazards of asbestos and any federal directive.

## II. Defendants Have Failed to Demonstrate That They Have A Colorable Federal Defense

Neither Northrup Grumman nor Bell has demonstrated a "colorable" federal defense. Both defendants insist that the mere fact they supplied materials to the military under a government contract and in accordance with military specifications permits them to invoke federal officer removal jurisdiction. This argument entirely misses the relevant inquiry – whether the government dictated the content of warning or prevented Northrup Grumman and Bell from warning Mr. Seitz about the hazards of asbestos. As demonstrated in Plaintiffs' moving papers, the government did not do so.

"[I]n order to establish that *Boyle* [and the government contractor defense] displaces any state law duty to warn, [Northrup Grumman and Bell] 'must show that the applicable federal contract includes warning requirements that significantly conflict with those that might be imposed

9

by state law. . . The contractor must show that whatever warnings accompanied a product resulted from a determination of a government official, . . . and thus that the Government itself 'dictated' the content of the warnings meant to accompany the product.'" Megill v. Worthington Pump, Inc., 1999 U.S.Dist. LEXIS 4433, *10 (D. Del. Mar. 26, 1999) (quoting In Re Joint E. & S. Dist. New York Asbestos Lit., 897 F.2d 626, 630 (2nd Cir. 1990)).

   Similar to the Megill court, in the Desenberger case, the Second Circuit Court of Appeals explained, "[t]he affirmative defense applies only if the government exercised significant control over the relevant actions of the contractor. In failure to warn cases, this means that the ultimate product users cannot sue the contractor for failure to warn if the government controlled which warnings the contractor was allowed to provide to those users and thereby precluded the warnings at issue from being given." Desenberger v. United Technologies Corp., 297 F.3d 66, 75 (2nd Cir. 2002) (emphasis added) (citing Grispo v. Eagle-Pitcher Industries, Inc., 897 F.2d 626, 630-631 (1990). Essentially, Defendants must prove "the Government made me do it." In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir. 1992).

   As detailed above, the evidence submitted by Northrup Grumman and Bell make only passing reference to warnings, and the declarations relied upon by defendants are inadmissible for any relevant purpose. Even if the declarations relied upon were admissible, they are entirely irrelevant to the issue of whether the federal officer defense applies in the failure to warn context. No volume of government contracts or military specifications can prove a "colorable federal defense" to a failure to warn claim when they do not bear on the issue of warnings at all.

   In light of the complete failure of Northrop Grumman and Bell to offer any proof that the military precluded or interfered with any effort they (or any other company) made to provide asbestos warnings, and in light of the proofs offered by Plaintiffs that unequivocally establish that there was no such prohibition or interference (and indeed that the U.S. Military encouraged

10

equipment manufacturers to warn about product hazards), Defendants have failed to raise a federal defense that is colorable.

## CONCLUSION

For the reasons set forth above, Plaintiffs Frederick and Mary Louise Seitz respectfully requests that the Court remand this case to State Court (Superior Court of Delaware, New Castle County) and grant Plaintiffs all other relief deemed just and proper.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

/s/   A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiffs

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No. 3997245)
Sharon J. Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No. 4397188)
800 Third Avenue, 13th Floor
New York, New York 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: August 22, 2008

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2008, I caused service of a copy of the foregoing Plaintiffs' Reply Brief In Support of Plaintiffs' Motion to Remand on the following counsel of record and parties in the corresponding state court action, by U.S. Mail and/or e-file:

Christian J. Singewald, Esquire  (E-FILE)
White & Williams
824 Market Street, Suite 902
Wilmington, Delaware 19801-4938

Beth Valocchi, Esquire (U.S. MAIL)
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
Wilmington, Delaware 19801

Loreto P. Rufo, Esquire (U.S. MAIL)
Rufo Associates, P.A.
7217 Lancaster Pike, Suite 4
Hockessin, Delaware 19701

Gary H. Kaplan, Esquire (E-FILE)
Armand J. Della Porta, Esquire
Ana Marina McCann, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1220 North Market Street, 5th Floor
Post Office Box 8888
Wilmington, Delaware 19899-8888

Lynne M. Parker, Esquire  (E-FILE)
Holistein, Keating, Cattell,
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, Delaware 19801

Daniel M. Silver, Esquire (E-FILE)
Noriss E. Cosgrove, Esquire
McCarter & English, LLP
405 North King Street, 8th Floor
Post Office Box 111
Wilmington, Delaware 19899

J. Michael Johnson, Esquire (U.S. MAIL)
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Post Office Box 588
Wilmington, Delaware 19899-0588

Jeffrey S. Marlin, Esquire (E-FILE)
Megan T. Mantzavinos, Esquire
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, Delaware 19801

Penelope B. O'Connell, Esquire (E-FILE)
Elzufon Austin Reardon Tarlov
& Mondell, P.A.
300 Delaware Avenue, Suite 1700
Post Office Box 1630
Wilmington, Delaware 19899-1630

Robert K. Beste, III, Esquire (E-FILE)
Smith, Katzenstein & Furlow
P.O. Box 410
Wilmington, DE  19899

Air Cooled Motors (U.S. MAIL)
94 Hale Dr.
Walterboro, SC  29488

CURTISS-Wright Corporation (U.S. MAIL)
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Goodrich Corporation. (U.S. MAIL)
c/o Corporation Service Company
2711 Centerville Road, Suite
Wilmington, Delaware 19808

Paul A. Bradley, Esquire (E-FILE)
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Post Office Box 288
Wilmington, Delaware 19899

Adel Wiggins Group (U.S. MAIL)

Attn: Officer/Agent
5000 Triggs Street
Los Angeles, California 90022

Aerojet General Corporation (U.S. MAIL)
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Fletch Air, Inc. (U.S. MAIL)
118 FM 1621
Comfort, TX  78013-3425

Franklin Aircraft Engines, Inc. (U.S. MAIL)
136 Racquette Dr.
Ft. Collis, CO  80524

Rolls Royce North America, Inc. (U.S. MAIL)
c/o Corporation Service Co.
2711 Centerville Rd., Suite 400
Wilmington, DE  19808

/s/A. Dale Bowers
_____
Joseph J. Rhoades, Esquire (Bar ID No. 2064)
A. Dale Bowers, Esquire (Bar ID No. 3932)
1225 King Street, 12th Flr.
P.O. Box 874
Wilmington, DE  19899
302-427-9500
Attorneys for Plaintiff

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esquire (NY ID No. 3997246)
Sharon J. Zinns, Esquire (CA ID No. 241476)
Amber R. Long, Esquire (NY ID No. 4397188)
800 Third Ave., 13th Flr.
New York, NY  10022

# EXHIBIT A

**MDL 875a**

**LEVY, PHILLIPS & KONIGSBERG, LLP**
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: lpk@lpklaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 13 2008

FILED
CLERK'S OFFICE

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

GOSHEN OFFICE
42 PARK PLACE
GOSHEN, NEW YORK 10924

TELEPHONE: (845) 294-2002

August 12, 2008

Request of Pltfs. in Seitz, et al., DE 1: 08-353, for
Extension of Time to file Motion/Brief to Vacate CTO —
GRANTED TO AND INCLUDING September 22, 2008.
(jwn - August 13, 2008)

**VIA FACSIMILE**
Jeffery M. Luthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Fed. Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002
FAX: (202) 502-2888

Re: *Seitz v. Adel Wiggins Group, et al*
U.S. District Court for the District of Delaware Case No. 08-CV-0353 GMS
MDL No.: 875/CTO-312

Dear Mr. Luthi:

We represent the plaintiffs in the above captioned case and write to request an extension of time for the filing of our Motion to Vacate the Conditional Transfer Order and brief in support thereof. These papers are presently due on August 21, 2008. We request that this deadline be extended until October 2, 2008 in light of the fact that Plaintiffs' motion to remand this case to state court is pending before Judge Gregory M. Sleet in the District Court. Assuming the motion to remand is granted, any issue as to whether this case should be transferred will be rendered moot.

This case was removed by Defendant Bell Helicopter on June 11, 2008. Defendant Northrup Grumman also removed this case on June 12, 2008. Plaintiffs filed a Motion to Remand on July 29, 2008. This Court issued a Conditional Transfer Order (CTO-312) on July 21, 2008. Plaintiffs filed their Notice of Opposition to CTO-312 on August 5, 2008. Plaintiffs' motion and brief to vacate the CTO is currently due on August 21, 2008.

{00123240.DOC}

**OFFICIAL FILE COPY**

IMAGED AUG 13 2008

PLEADING NO. 5535

Aug-12-08   03:10pm   From-LEVY PHILLIPS KONIGSBURG   +212 805 6200      T-730   P.003/008   F-888

Jeffery M. Luthi
Clerk of the Panel
August 12, 2008
Page 2

Plaintiffs request an extension until October 2, 2008, as this will afford Judge Sleet a reasonable amount of time (6 weeks) to set a briefing schedule and rule on Plaintiffs' motion to remand.

If Judge Sleet grants plaintiffs' motion to remand to state court, then there will be no need to engage in motion practice before MDL-875. Because any motion practice with the MDL court will be rendered moot by an order remanding this case to state court, the extension requested by plaintiffs would serve the interests of judicial economy and preserve the resources of the parties.

Thank you for your consideration of this matter.

                    Sincerely,

                    LEVY PHILLIPS & KONIGSBERG, LLP

                    By: _____
                         Sharon J. Zinns

cc:   All Counsel in the Seitz Case
      By facsimile (See Attached Service List)

[081125246.1XXC]